No. 2269.

## JOHN KIRCHOFF *v.* A. T. VOSS.

RELEASE—CONSIDERATION—CONTRACT.—The owner of several promissory notes, executed by four persons, who signed each of them as principals, and which were secured by lien on land, afterwards agreed with one of the debtors that, in consideration of one hundred dollars then paid, and in further consideration that if another note, then made by the debtor, for one hundred and fifteen dollars, bearing interest and payable before the lien notes matured, was paid, to release the one debtor from liability on the lien notes, and if the one hundred and fifteen dollars more was paid, to release one hundred acres of the land from the lien.

Opinion of the court.

The note for one hundred and fifteen dollars was not paid when it matured, and an extension of time was refused. *Held:*

(1) The payment made of one hundred dollars, and the making of the note for one hundred and fifteen dollars which matured before the lien notes became due, constituted a sufficient consideration to support the promise for the release of the lien.

(2) Since the contract did not stipulate for the withdrawal of the promise to release the lien on non-payment of the note for one hundred and fifteen dollars, the right to withdraw the promise did not exist.

(3) The contract for interest after the maturity of the note indicated that time was not of the essence of the contract.

(4) When it is intended to make time of the essence of a contract, apt and explicit words declaring that intention must be used.

(5) The owner of the several notes, who thus stipulated for the release of one debtor, and who afterwards purchased the one hundred acres of land at foreclosure sale to satisfy his lien notes, acquired no advantage by his purchase.

(6) The liability of the other principals in the note continued after the release of the one who thus contracted for his discharge.

APPEAL from Fayette. Tried below before the Hon. John Lane, Special Judge.

*Moore, Dunn* and *Meerscheidt,* for appellant, cited Chitty on Contracts, page 53; Gibson v. Irby, 17 Texas, 173; Taylor v. Witherspoon, 23 Texas, 643; Kenigsberger v. Wingate, 31 Texas, 42.

On conditional novation, see 11 Daniel on Negotiable Instruments, section 1269, and note 3, second edition; 2 Parsons, page 129; Hyde v. Rooran, 16 Peters, 172; 14 Curtis, 233.

*Brown & Dunn,* for appellee.

STAYTON, ASSOCIATE JUSTICE. The appellee brought this action against Joseph Ziegelbauer and Ed. Moellenbiendt, on three notes executed by the former to the latter in 1883 and endorsed by him to the appellee. The notes were given for land sold by Moellenbiendt to Ziegelbauer, on which the appellee sought to establish and enforce the vendor's lien. The appellant, asserting a claim to the land, was made a defendant, and in his answer he claimed to be the owner.

It appears that on July 17, 1879, Gus Moellenbiendt, then the owner of a tract of land (of which the one hundred acres in controversy is a part), executed a deed of trust on it to secure the payment of five promissory notes on that day executed to

appellant by Gus Moellenbiendt, Ed. Moellenbiendt and others, amounting in the aggregate to eleven hundred dollars.

One of these notes became due January 1, 1885, and another on January 1, 1884, and these were for the aggregate sum of three hundred and fifty dollars. The other notes matured earlier. On October 26, 1882, Gus Moellenbiendt conveyed the one hundred acres of land in controversy to Ed. Moellenbiendt. On March 15, 1883, John Kirchoff entered into a written agreement with Ed. Moellenbiendt, by which he agreed, in consideration of one hundred dollars then paid to him, and in further consideration of a negotiable note for one hundred and fifteen dollars, due and payable to him on December 25, 1884, bearing interest after maturity, executed to him by Ed. Moellenbiendt on the same day, to release the latter from liability on the notes which he held secured by the trust deed.

He further agreed, when the note for one hundred and fifteen dollars was paid, to release the one hundred acres of land from the lien held by him. That note was not paid at maturity, and an extension of time was asked and refused.

On the first Tuesday in February, 1885, not crediting the notes which he held with the one hundred dollars paid on March 15, 1883, there was due to Kirchoff six hundred and ninety-two dollars and fifty cents on the notes, secured by trust deed. On the first Tuesday in February, 1885, Kirchoff caused the trustee to sell the entire tract of land covered by the trust deed, and himself became the purchaser.

Soon after the sale, Ed. Moellenbiendt offered to pay the note for one hundred and fifteen dollars, with all interest due upon it, and Kirchoff refused to receive it, and the full amount thereof, with all interest due upon it, was paid into court. Judgment was entered, establishing and enforcing the vendor's lien claimed by the appellee, and directing the money paid into court to be paid to Kirchoff, and from that judgment he appeals.

He insists that there was no consideration for his promise to release the land from the lien held by him. In this we think he is mistaken. The notes which he held were made by three persons besides Ed. Moellenbiendt, and they all seem to have been principals. The liability of all the others continued after the release of Ed. Moellenbiendt, and, by the payment made and note executed by the latter, Kirchoff had placed in his hands a means by which the indebtedness of all falling due after December 25, 1884, to the extent of two hundred and fifteen dollars,

might be satisfied before it was due by the terms of the notes which he held. This was, or may have been, an advantage to him. He so deemed it, and it must be deemed a sufficient consideration for his promise to release the lien.

It is urged that he had the right to withdraw his promise to release the lien if the note for one hundred and fifteen dollars was not paid at maturity. This contract did not, in terms, reserve any such right to him. His language is "and the lien on said one hundred acres I hereby agree to release to said Ed. Moellenbrindt when said note of one hundred and fifteen dollars is paid in full." This contract for interest at the rate of ten per cent after maturity of the note indicates that time was not the essence of the contract, and there is nothing in the contract to indicate that either party so regarded it at the time the contract was made. If a party desires to make time the essence of the contract, he should leave no doubt of the intention of the contracting parties so to make it.

The appellant can take no advantage through his purchase under the trust deed.

The judgment rendered is correct, and will be affirmed.

*Affirmed.*

Opinion delivered February 4, 1887.