## G. W. THARP v. JOHN J. LEE.

Decided March 28, 1901.

**Vendor and Purchaser—Contract—Forfeit Conditioned on Good Title.**

Where a purchaser of land put up a forfeit for the performance of the contract on his part, to be returned to him if the title should be found bad, the vendor was not entitled to recover the forfeit of the depositary unless he was in position to furnish a good title and require specific performance, although the purchaser has written him that he could not raise the money to pay for the land and would have to lose the forfeit, and had given the vendor an order for the deposit, which he afterwards countermanded.

Appeal from the County Court of Harris. Tried below before Hon. E. H. Vasmer.

*G. W. Tharp,* pro se.

*Jesse Andrews,* for appellee.

GARRETT, CHIEF JUSTICE.—The appellee and one Everett Scott entered into a contract on July 14, 1899, by which Lee agreed to convey to Scott a certain tract of land which Scott agreed to take and pay therefor $3000, on or before August 16, 1899, and $200 was then paid by Scott to G. W. Tharp, the appellant, who by agreement of the parties held it as a deposit. It was agreed that if the title to the land should be found good in the opinion of Tharp, who was an attorney at law, the said sum of $200 was to be applied on the purchase money; but if the title should be found bad, the money was to be returned to Scott; and if the title should be found good and Scott should refuse to take and pay for the land, then the $200 was to be forfeited to the said Lee. The sum of $200 was also deposited with Tharp by Lee, which was to be forfeited to Scott if Lee failed to carry out the contract on his part. Lee lived in Fort Bend County, Texas, but removed to Houston, Texas. soon after the contract was entered into. Tharp was a resident of Houston, Texas. Scott lived in the State of Illinois, to which he returned after he made the contract. Lee had an abstract of the title of the land made, and presented it to Tharp, who objected to the title because two releases of vendor's liens were necessary to perfect it. On August 16, 1899, Lee had not perfected the title. On August 17th Lee received a letter from Scott, in Illinois, dated August 9th, saying that he had failed to raise the money, and would have to lose the $200. Lee then demanded of Tharp payment to him of the money deposited with Tharp by Scott. Tharp returned to Lee his own deposit, but refused to pay him the deposit of Scott, because he had not complied with his contract to furnish a good title, and paid it to Scott. Lee then brought this suit against Tharp for the recovery of the money. At the trial in the court below Lee produced a release of one of the vendor's liens, but there still remained another that had not been released.

The deposit, in case of default, was liquidated damages, and as such might be recovered as the measure of damages for the breach of the contract. 3 Pars. on Con., 156-163; Eakin v. Scott, 70 Texas, 445. Time was not of the essence of the contract. It was not made so by the parties, nor were the nature and circumstances of the contract such as to make it so. Edwards v. Atkinson, 14 Texas, 375; Primm v. Barton, 18 Texas, 226; 3 Pars. on Con., 382-386. But in order to enable Lee to recover the forfeit, he must at least show that he would have been entitled to specific performance. As he failed to furnish a good title, he was not in a position to require performance by Scott. 3 Pars. on Con., 384, 385, and note V. Even at the time of the trial, the objections to the title had not been removed. The failure of Lee to furnish a good title by August 16th was not the result of Scott's default, and while the default of Scott would relieve Lee of the necessity of tendering a deed, yet Lee would not be entitled to recover damages without showing either that he was ready to comply with his part of the contract, or that he was prevented by the default or conduct of Scott. The action of Scott subsequent to the default in giving Lee an order for the deposit which he afterwards countermanded does not affect the question.

The judgment of the court below will be reversed and judgment will be here rendered in favor of the appellant.

*Reversed and rendered.*