## WILLIAM F. CARROLL, Appellant, v. GROVER C. HASSELL, Respondent.

Springfield Court of Appeals, February 5, 1912.

1. **EVIDENCE: Contradicting Written Instrument: Separate Contract: Loan Agents.** In an action for commission and expenses connected with procuring a loan for defendant from a mortgage and loan company, which plaintiff was representing, defendant contended that he was justified in refusing to take the loan and paying the expenses, etc., on the ground that plaintiff had agreed to furnish the money by a certain date and had failed to do so. The written application for the loan was to the loan company and it contained no provision that the money was to be furnished on a certain date. *Held*, that if plaintiff made the agreement in such a way as to bind him to furnish the money on a certain date, it would not be necessary that this provision be contained in the written application to the loan company and oral evidence of the agreement could not be excluded on the ground that it contradicted the written application for the loan.

2. **INSTRUCTIONS: Submitting Issues Not in Evidence: Contracts: Loan Agents.** In an action by a loan agent to recover expenses and commission on account of obtaining a loan for the defendant, the defendant claimed that plaintiff had agreed to furnish the money by a certain date and justified the refusal to

accept the loan or pay the expenses and commission on the ground that plaintiff had failed to furnish the money within the time agreed upon. But there was no testimony that it was also agreed in case plaintiff did not furnish the money by the time specified, that defendant should not be required to take it. *Held*, that it was error to submit to the jury an instruction containing this latter purported agreement as an issue in the case.

3. **CONTRACTS: Time, When Essence of.** Ordinarily time is not of the essence of a contract and a failure to perform on the date agreed upon is not a breach. In order to make time of the essence of a contract, so that it must be performed within the time mentioned, the contract must so specify, or there must be something connected with the purpose of the contract and the circumstances surrounding it, which makes it apparent that the parties intended that the contract must be performed at or within the time named.

4. ————: ————: **Contract for Loan: Waiver of Time Limit: Loan Agents.** In an action by a loan agent to recover the expenses and commission for making a loan, which loan the defendant afterwards refused to accept, and justified his refusal to accept the loan or pay the expenses and commission on the ground that plaintiff had agreed to get the money for him by a certain date and failed to do so, but defendant gave no reason why he should have the money on that date; and it appeared that several days after the date specified, defendant wrote to plaintiff, objecting only to an examination fee which he refused to pay and several months thereafter defendant wrote another letter giving another excuse, but making no point on the failure to furnish the money on the date specified. *Held*, that the evidence did not show that time was of the essence of the contract and the defendant had waived whatever right he had to insist upon a strict compliance as to time.

5. **APPELLATE PRACTICE: Respondent's Additional Abstract.** Where appellant has omitted from his abstract any material testimony the respondent should supply the same by an additional abstract.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside*, Judge.

REVERSED AND REMANDED.

*William F. Carroll, pro se.*

(1) Where a broker employed to negotiate a loan obtains one ready and willing to make the loan and it turns out that the title to the real estate is imperfect, so that the loan is not made, he is entitled to his commission; also where the borrower changed his mind and refused to accept the loan. Fitch on Real Estate Agency, 113. (2) A new trial should be granted where the verdict is against the weight and the entire current of the testimony, or verdict contrary to the law and evidence. Chaquette v. Railroad, 152 Mo. 257. (3) In the absence of fraud, accident or mistake, it is conclusively presumed that the whole engagement and the extent and manner of their understanding was reduced to writing. May v. Ins. Co., 72 Mo. App. 286; Robinson v. Jarvis, 25 Mo. App. 421.

*Lamar, Lamar & Lamar* for respondent.

(1) A party must give the specific reason when objection is made to evidence offered by the adverse parties, and unless he does so his objection is waived. State v. Priest, 215 Mo. 6; O'Neil v. Kansas City, 178 Mo. 100; Kinlen v. Railroad, 216 Mo. 174; State v. Pyles, 206 Mo. 632. (2) A party must point out in his motion for new trial wherein and in what particular the verdict is contrary to the law. State v. James, 214 Mo. 257. (3) According to plaintiff's own testimony the contract between plaintiff and defendant was oral, but conceding that the application constituted a contract, it is submitted that it is silent as to time when the loan was to be completed and the rule does not preclude parol evidence being admitted to show matters consistent with and supplementary to a written contract, unless the subject matter of the written contract is within the Statute of Frauds. 17 Cyc. 638, 741; Boulware v. Automobile Co., 134 S.

W. 7; Printing Co. v. Pub. Co., 127 Mo. App. 148; Boggs v. Laundry Co., 86 Mo. App. 623; Coal Co. v. Brick Co., 66 Mo. App. 297.

COX, J.—Plaintiff is a loan agent representing Wells & Adams of Quincy, Ill. On August 16, 1909, defendant and his brother, Thurman, signed an application for a loan of $450 on 123 acres of land owned by them. This application was made to Wells & Adams and the applicants agreed to pay certain commission and abstract fees and expenses of recording trust deeds, etc. The application was accepted by Wells & Adams, deeds of trust prepared by them and sent to plaintiff but defendant and his brother refused to execute them and complete the loan. Plaintiff brought suit in justice court for the commission and expenses connected with the loan including an examination fee of $10 not mentioned in the application. The trial in the justice court resulted in a verdict for defendant. Plaintiff appealed to the circuit court where on trial by jury a verdict was also rendered for defendant and plaintiff has appealed to this court.

The application for the loan which provided for the payment of commissions, etc., was to Wells & Adams and nothing is said therein about paying anything to plaintiff. After the trial in the justice court plaintiff fearing that some question might be raised in the circuit court as to his right to collect these items had the application for the loan assigned to him by Wells & Adams. The brother of defendant who had joined with him in signing the application for the loan was a minor at the time and would not reach his majority until November 5th. On this account the deeds of trust were not sent to plaintiff until after November 5th. After this date there was some correspondence between the parties and plaintiff wrote some letters urging defendants to come in and close up the

loan but they did not and plaintiff finally gave up the chase and on September 6, 1910, brought this suit.

The defense was that plaintiff had agreed to furnish the money by September 15, 1910, and had failed to do so. Appellant now insists that testimony tending to show an agreement upon his part to furnish the money by September 15th ought to have been excluded on the ground that it would contradict the written application by oral testimony. The written application was to Wells & Adams, while the contention of defendant was that the agreement to furnish the money by September 15, 1909 was made by plaintiff personally. If plaintiff made that agreement in such a way as to bind him to furnish the money on that date, we can see no reason why he should not be bound by it notwithstanding the fact that the written application which was addressed to Wells & Adams did not contain this provision. This contention must be ruled against appellant.

For the defense the court gave the following instruction:

"If you find from the evidence that it was agreed and understood between plaintiff and defendant that a loan was to be procured by the 15th day of September, 1909, and if not defendant was not to take said money and if you find that the plaintiff did not procure the loan by said time, then you will find the issues for the defendant." This instruction was erroneous because not warranted by the testimony. It submits to the jury the issue whether plaintiff had agreed to furnish the money by September 15 *and if not defendant was not to take the money.* Defendant testified that plaintiff agreed to furnish the money by September 15, 1909, but there was no testimony that it was also agreed that in case he did not furnish it by that time, defendant should not be required to take it, hence, as to that part of the instruction there was no testimony upon which to base it.

Ordinarily time is not of the essence of a contract and a failure to perform on the exact day agreed upon is not a breach. In order to make time of the essence of a contract so that it must be performed within the time named, the contract must so provide or there must be something connected with the purpose of the contract and the circumstances surrounding it which make it apparent that the parties intended that the contract must be performed at or within the time named. [St. Louis Steam Heating & Ventilating Co. v. Bissel, 41 Mo. App. 426; Wall v. Ice & Cold Storage Co., 112 Mo. App. 659, 87 S. W. 574.]

In this case there was no testimony showing any reason why this loan should be closed by September 15th. Defendant testified that plaintiff agreed to get the money by September 15th but did not give any reason why they should have it on that day. In respondent's statement of the case we find this statement: "Defendant says that they owed some money to other parties which falling due about September 15th and that the plaintiff agreed to procure the loan applied for by that date and he testified that the contract was that the plaintiff was to procure the loan by said date and that if he did not, they were not to take it (Abs., top page 11 and page 12 and top page 16.)" Turning to the abstract at top of page 11 we find defendant testified that plaintiff said he would get the money by September 15th. On page 12 is the following: "It was agreed we were to have the money September 15th." On page 16 there is no reference to this question at all. On page 23 in the cross-examination of plaintiff is this statement by him: "They did not tell me anything about having to pay Wiltshire on the 15th of September." This is all the evidence we are able to find in the abstract touching this question and it is wholly insufficient to show any reason for construing the agreement to furnish the money

by September 15th as binding as to date or to justify defendant in refusing to complete the loan because the money was not ready on that day.    If appellant has omitted from his abstract any material testimony the respondent should have supplied it by an additional abstract but as the testimony stands in the record before us there was no testimony upon which to base the instruction above quoted.    For this reason the judgment must be reversed.

Since the case is to be retried we call attention to the fact that even if it were shown that it was agreed that the money was to be furnished by September 15th to enable defendant to pay a debt maturing at that time and that it was of the essence of the contract when made, yet defendant by his own testimony shows that condition to have been waived and that his refusal to complete the loan was not based upon that ground at all.    The evidence shows that there was some controversy between plaintiff and defendant as to what fees should be paid to plaintiff and on September 20, five days after the alleged breach by plaintiff in not furnishing the money on the day agreed upon, defendant and his brother wrote the following letter to plaintiff: ''. . . . . .  We will pay the $2.50 for abstract and $2.70 for recording trust deeds and it is also understood that you get $31.50 comm. but we think the $10 unnecessary and will not pay it.''    By this letter they recognized the validity of the contract after the alleged time limit had expired.    Defendant testified that plaintiff wrote them at one time, but when he could not state, to know if they wanted to go on with the loan and that they replied calling the loan off.    On cross-examination he said:  ''We did not come down and sign any papers because the loan had been called off.''    On January 7, 1910, and again on the 13th plaintiff wrote defendant and his brother urging them to come in and close up the loan and on January 16, 1910, defendant wrote plaintiff as follows:

"I have done all I can do about that loan myself. I had a letter from Thurman and he did not seem in favor of going on with it. You can write him if you wish. I am ready to do anything about it that he is. Can't do anything unless he is in favor of it." Defendant by his own testimony and his letters shows conclusively that he waived whatever right he may have had to insist on the agreement to furnish the money by September 15, if this agreement was made in a way to bind plaintiff to furnish it on that day, and that the failure to furnish it on that day had nothing to do with his refusal to execute the papers and complete the loan. Under the testimony as preserved in this record the issue as to the agreement to furnish the money by September 15th and if not furnished on that day the contract to be void, ought not to have been submitted to the jury at all. Judgment reversed and cause remanded. All concur.