CHAPMAN v. LEVY & LEVY. (No. 7646.)

(Court of Civil Appeals of Texas. Dallas. Feb. 24, 1917. On Rehearing and For Additional Findings, April 14, 1917.)

1. CONTRACTS ⬤⇒211 — CONSTRUCTION—TIME AS ESSENCE.

Where the maker of notes for the price of paving refused to sign them until they were indorsed "not to be due or payable until the paving, curbing, and guttering * * * are completed and accepted by the city engineer," and the contract for paving was not signed till after the date of maturity appearing on the face of the notes, if such date was fixed as the time for completing the paving, it was not of the essence of the contract, and was waived by the conduct of the maker of the note.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 938–943.]

2. BILLS AND NOTES ⬤⇒538(1)—PERFORM-ANCE—ESTOPPEL OR WAIVER.

In an action on notes for the price of paving, an instruction that if defendant knowingly permitted plaintiffs to pave the street adjacent to his property in accordance with the contract between them, and did not object while the work was in progress, and his acts were reasonably calculated to induce plaintiffs to believe that he would pay in accordance with the contract, he is estopped to deny liability, in connection with an instruction that if, before the work of paving was begun, plaintiffs and defendant agreed that the notes for the price should be released, and plaintiffs proceeded to pave contrary to defendant's instructions, the jury should find for defendant, was not error.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1895–1898, 1902, 1906, 1907.]

3. APPEAL AND ERROR ⬤⇒1050(1) — REVIEW—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action on notes for the price of paving, where the defense was that plaintiffs had forfeited the contract by delay in performance, but, under the facts of the case, time was not of the essence of the contract, any error in the admission of testimony as to the increase in the value of the property by reason of the paving was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153, 4157.]

Appeal from District Court, Grayson County; W. M. Peck, Judge.

Action by Levy & Levy against L. C. Chapman. From a judgment for plaintiffs, defendant appeals. Affirmed.

Hamp P. Abney and Webb & Webb, all of Sherman, for appellant. McReynolds & Hay, of Sherman, for appellees.

RAINEY, C. J. Appellees sued appellant to recover on three promissory notes executed by appellant to appellees, bearing date September 17, 1913; one for the sum of $765.38, one for $294.12, and one for $137.26, due according to the face of the notes on or before November 15, 1913, with interest at the rate of 8 per cent. per annum after due, until paid and stipulating for 10 per cent. attorney's fees. The back of said notes contained this indorsement:

"This note not to be due or payable until the paving, curbing and guttering in front of and abutting 395 feet on the west side of North Elm street are completed and accepted by the city engineer of Sherman, Texas."

Also this indorsement:

"10–9–1914. Work completed and figures are correct. E. D. Lumsden, City Engineer."

The appellant in his answer admitted the execution of the notes, but claimed that at the time the notes were executed appellant and appellees entered into a verbal agreement under which the appellees undertook to and promised appellant that they would construct said improvements on said streets not later than November 15, 1913, and that by reason of the fact that the pavement for which the notes were given was not constructed and completed by November 15, 1913, the appellant was released from any obligation to pay said notes; and further claimed that a new agreement had been entered into between appellant and appellees that said paving should not be constructed, and that the appellant was released from his liability on account of the execution of said notes. The appellees in their supplemental petition denied that they entered into any agreement by the terms of which they were to construct the pavement in question by November 15, 1913, or that they entered into any subsequent agreement with appellant by which they released appellant on said notes and agreed not to construct said pavement; but alleged in substance that the only agreement they had with the appellant was that they desired him to give some security for the notes, which he did not do, and that at no time were they ever notified by appellant that he had repudiated his contract and denied liability on the notes. They further allege in their supplemental petition that the appellant was estopped to deny liability on the notes by reason of the fact that he had received and accepted the benefit of the pavement which they had constructed in front of his property; that he had never demanded the surrender of said notes or notified the appellees that he refused to be bound on same, or that he denied liability on account of the execution thereof.

The case was tried with a jury, and resulted in a verdict and judgment for appellees, from which this appeal is taken.

[1] Appellant's first assignment of error is to the effect that his notes were canceled by the nonperformance of the contract, and that that issue was not submitted to the jury. A charge presenting this issue was requested by appellant to this effect, and refused by the trial court.

The appellees were paving contractors, and the portion of the two streets, Brockett and North Elm, on which the paving was done, was not within the corporate limits of Sherman, and the contract of paving same was the voluntary obligation and undertaking of parties owning property on said streets. The work of paving was delayed, and was not begun and completed until late in 1914, when

Lumsden, the city engineer, placed his indorsement on the notes:

"10–9–1914. Work completed and figures are correct."

The appellant would not sign the notes until after they were indorsed that they were not to be due until the paving was completed and accepted by the city engineer, which shows that the date, November 15, 1913, was not intended as of the essence of the contract, as it was some time after that date before appellant signed the contract with the appellees for paving. The owners of the property abutting the said streets were delayed in signing the contract, and appellant was about the last one to sign, which was some time in February or March, 1914, which shows that November 15, 1913, stated in the notes, was not the time absolutely agreed upon for the completion of the paving. Kirchoff v. Voss, 67 Tex. 320, 3 S. W. 548; Primm v. Barton, 18 Tex. 206; Tharp v. Lee, 25 Tex. Civ. App. 439, 62 S. W. 93; Carroll v. Hassell, 161 Mo. App. 424, 143 S. W. 835. The notes in this case called for interest at 8 per cent. after maturity, and there is nothing therein to indicate that time was of the essence of the contract. In Kirchoff v. Voss, supra, it is said:

"This contract for interest at the rate of 10 per cent. after maturity of the note indicates that time was not the essence of the contract, and there is nothing in the contract to indicate that either party so regarded it at the time the contract was made. If a party desires to make time the essence of the contract, he should leave no doubt of the intention of the contracting parties so to make it."

In the case of Carroll v. Hassell, supra, in speaking on the question of time being of the essence of the contract, the court said:

"Ordinarily time is not of the essence of a contract, and a failure to perform on the exact day agreed upon is not a breach. In order to make time of the essence of a contract, so that it must be performed within the time named, the contract must so provide, or there must be something connected with the purpose of the contract and the circumstances surrounding it which make it apparent that the parties intended that the contract must be performed at or within the time named."

If November 15, 1913, was agreed upon by the parties as the specified time for the completion of the paving, appellant, by his conduct, waived it, and the court did not err in refusing to give the special charge, as there was no issue requiring the jury to pass upon it. There being no issue on this point for the jury to determine, the answers to questions propounded by them to the court became immaterial.

[2] Appellant's second assignment of error complains of the third paragraph of the court's charge, which paragraph is as follows:

"You are instructed that if you believe from the evidence that the defendant, L. C. Chapman, knowingly permitted plaintiffs to pave and improve that portion of Elm and Brockett streets adjacent to his property in accordance with the terms of their contract, and that the defendants did not object to the doing of said work while the same was in progress, and if you further believe that the acts and conduct of the defendant were reasonably calculated to induce plaintiffs to believe that he (the defendant) wanted said street paved in front of his property and would pay therefor in accordance with the terms of his contract, and that the plaintiffs were thereby induced to pave and improve in front of defendant's property, you are instructed that the defendant is estopped to deny his liability to pay for said work, and in such event you will find for plaintiffs."

Because there was absolutely no evidence in the case raising the issue submitted by said instruction, and because said third paragraph of the main charge required the defendant to object to the plaintiffs doing the said work while the same was in progress, and holding the defendant responsible for knowingly permitting said plaintiffs to pave said streets, because the plaintiffs and defendant having agreed to cancel said contract and note, it was not the duty of the defendant to object to plaintiffs doing the said work, he having no way of hindering them from doing the same; said work being a public work, and said street being a public street, over which the defendant had no control.

Paragraph 2 of the court's main charge is as follows:

"On the other hand, if you find and believe from the evidence that before the work of paving Elm and Brockett streets was begun plaintiffs and defendant agreed that defendant should not be required to pay the notes sued on in this case, and that he would be released from their payment, and that after such agreement, if any was made, plaintiffs proceeded and did the paving in front of defendant's property contrary to defendant's instructions, then you will find in favor of defendant, unless you should find in favor of plaintiffs under paragraph 3 of this charge."

The issues presented by the two paragraphs were duly raised by the pleadings and the evidence, and in them we find no reversible error. The evidence shows that at the beginning of the work appellant was willing for the work to be done, and only objected at that time because he could not raise the money. As to his protesting there was some conflict in the testimony, which was determined by the jury in appellees' favor.

[3] There are a number of other assignments of error which relate to the admission of evidence over appellant's objections, on the ground that the testimony was irrelevant and immaterial to any issue in the case. Of these assignments the third, fourth, seventh, and ninth pertain to the property of appellant being increased in value by reason of the paving being done. The issue was raised by appellees' supplemental petition, wherein it was alleged, in effect, that appellant owned property on North Elm and Brockett streets, which property had been greatly enhanced in value, while the paving, curbing, and guttering constituted a valuable improvement to said property, etc. That he was using and enjoying the benefits thereof, and that he never denied his liability thereon until its completion, which he did for

the purpose of not paying for same. Appellant testified on cross-examination:

"I knew that the city had tied Elm and Brockett streets on to his contract for paving other streets. I don't know whether he told me that or not. I went to the city council. I was one of the parties that went there to get the contract through. I knew it was customary for all property owners to sign up before the work was started, and the reason it was especially so on this was because this was not advertised in the regular way. They relied on this as a tied-on contract to the other original contract. I knew that. Don't know whether he told me or not. My impression is that there wasn't any advertising by the city with reference to the paving on West Brockett and North Elm streets. Those two streets were paved at the express request and instance of the property owners on those two streets. I stated that I was one of the property owners that went down to the city council to get the paving done. That was after Levy & Levy were at work on Birge street. The Fairview folks wanted to connect that paving with Brockett street. As far as I was concerned I did it more on account of the Fairview folks wanting it. I didn't want to be a stumbling block between them and town. I wanted the street paved. I wouldn't have signed that if I hadn't. * * * I consider pavement as a good improvement. I consider building a brick house on a lot good improvement if you have got the money. I consider pavement a good investment if you have got the money. * * * It is usually considered that the price of the paving increases the value of the property."

While this testimony was not strictly admissible on the main issue of the case, it bore on the question of estoppel and tended to show a motive for denial of liability. There was evidence showing that appellant had solicited appellees to do the paving, and had acquiesced in it being constructed. His attorney made the following admission:

"We admit plaintiffs' cause of action in so far as it may not be defeated by matters of defense, and ask for the opening and closing of the case."

Conceding, however, that such ruling was error, time was not of the essence of the contract, and the other evidence not showing a positive and distinct agreement between the parties that said notes and contract for the paving were released, and the appellant standing by and seeing the work being done without protest, and the jury under charge of the court having found that there was no understanding to cancel the notes and release appellant from the contract, we are of the opinion that the paving having been completed, the appellant was liable for the payment thereof, and the admission and exclusion of evidence by the court as complained of not relating to the main issue of liability, such ruling was harmless, and therefore not reversible error.

The fifth, sixth, eighth, and tenth assignments relate also to the admission of evidence. If it be conceded that the court erred in its ruling, we think it harmless.

The judgment is affirmed.

## On Rehearing and for Additional Findings.

It is complained by appellant that in our original opinion we held that Brockett and North Elm streets were not in the corporate limits of the city of Sherman, and our attention is directed to the testimony of city engineer as follows:

"In 1913 and 1914 * * * I was in charge of the work of constructing the paving, curbing, and guttering on West Brockett and North Elm streets in the city of Sherman. Levy & Levy did the work."

We therefore find that said streets are within the corporate limits, and the paving was done under a contract between appellee and the city of Sherman, but that it was voluntary on the part of abutting owners as to whether they signed a contract for paving in front of their property.

As to the time Chapman signed the contract for paving there was some evidence tending to show that it was about September 17, 1913, but we also find as in the original opinion in support of the judgment that it was signed several months after that time. The finding that said streets were in the corporate limits does not, in our opinion, change the result in disposing of the case, and the motion for rehearing is overruled.