## J. M. FROST & SONS et al. v. CRAMER. (No. 7401.)

(Court of Civil Appeals of Texas. Galveston. Dec. 14, 1917. Rehearing Denied Jan. 10, 1918.)

1. VENDOR AND PURCHASER ⬅334(6)—DEPOSIT ON PURCHASE PRICE—RECOVERY.

Where a purchaser deposited $1,800 under a contract between himself and a vendor to purchase land, and the vendor, having good title to only part of the tract, made a tender of only that part and failed to deliver a full and complete abstract of title within the time provided by the

contract of sale, the purchaser, refusing to complete the contract, was entitled to a return of the deposit.

2. PLEADING ⬤⇒69—ACTION TO RECOVER DEPOSITS—PLEADING—CONSTRUCTION.

Where the purchaser's assignee, suing to recover the amount of such deposit, alleged in his petition that the purchaser had received abstracts of title within the time allowed by the contract and had specified defects in the title and had been ready and willing to tender the total consideration upon the vendor's compliance with the contract, the petition could not be construed as an admission that within ten days after the contract of sale was executed the vendor furnished the original purchaser with an abstract of title, but would be construed as an allegation that the purchaser within the time allowed by the contract had made his written objection to defects in the title.

3. PLEADING ⬤⇒36(2) — ADMISSION CONTRARY TO UNDISPUTED FACT—EFFECT.

In such case it would be an unjust and unwarrantable application of the rule that a party is bound by admissions in his pleadings to hold, in the face of the undisputed evidence to the contrary, admitted without objection, that the purchaser, notwithstanding such admission, was bound to accept the title shown by the abstract of title, or forfeit his deposit.

4. VENDOR AND PURCHASER ⬤⇒214(2) — PURCHASER'S ASSIGNMENT OF CONTRACT—VALIDITY.

A written instrument, entitled "Assignment Contract of Sale," whereby a purchaser assigned his rights under a recorded contract of sale duly signed and acknowledged, was, as between the purchaser and his assignee, a valid contract conveying the purchaser's interest in the land, and admissible even though the assignee could not have enforced specific performance against the vendor.

5. RECORDS ⬤⇒6—INSTRUMENTS ENTITLED TO RECORD—"CONCERNING LANDS."

Such instrument was an instrument "concerning lands," within the purview of Rev. St. art. 6823, and, being properly acknowledged, was entitled to be recorded.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Concern.]

6. LOST INSTRUMENTS ⬤⇒23(3) — SECONDARY EVIDENCE—EXECUTION AND LOSS OF INSTRUMENT.

In action by the assignee of a purchaser's interest under a contract to recover the purchaser's deposit with a third person, evidence *held* sufficient to show that the original assignment was lost, and to show proof of its execution, if it was not such an instrument as was entitled to be recorded.

7. PLEDGES ⬤⇒20—ASSIGNMENT OF CONTRACT —RIGHT TO RECOVER DEPOSIT.

Where an assignee of a purchaser's interest under a contract for resale of the land at a profit assigned his right as security for the payment of his note before he had obtained the purchaser's assignment of his right to recover a deposit made under the contract, the holder of the note had no claim upon the deposit.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by W. R. Cramer against J. M. Frost & Sons, a firm composed of J. M. Frost, J. M. Frost, Jr., and H. G. Frost, in which R. E. Brooks intervenes. Judgment for plaintiff against J. M. Frost & Sons, and in favor of plaintiff, and J. M. Frost & Sons against intervener, and defendants J. M. Frost & Sons and the intervener appeal.

Judgment for plaintiff against defendants J. M. Frost & Sons affirmed, and judgment against intervener reversed and judgment rendered in his favor.

Baker, Botts, Parker & Garwood, of Houston, for appellants. Gill, Jones, Tyler & Potter, of Houston, for appellee.

PLEASANTS, C. J. This suit was brought by appellee Cramer against J. M. Frost & Sons, a firm composed of J. M. Frost, J. M. Frost, Jr., and H. G. Frost, to recover the sum of $1,800. The petition alleges in substance that the $1,800 in controversy was deposited with said firm by A. B. Kempland under a contract between said Kempland and Chas. R. Brown, acting for himself and as representative of the estates of J. M. Brown and Mrs. R. A. Brown, deceased, for the purchase and sale of a tract of 1,200 acres or more of land on the George L. Bellows survey in Harris county; that Brown failed to comply with the terms of his said contract of sale, and by reason thereof Kempland was entitled to have said money returned to him by Frost & Sons; and that he had transferred and assigned his claim and right to said sum to plaintiff. R. E. Brooks intervened in the suit, claiming that the said Cramer had executed and delivered to the Chas. B. Moling Company a note for $1,130, drawing 8 per cent. interest from its date, January 15, 1912, the note due in 60 days, providing for an additional 10 per cent. on principal and interest should the note not be paid when due and be placed in the hands of an attorney for collection, etc., and alleging that the said Cramer, to secure said note, had executed and delivered to Paul Bauer, trustee, a written assignment of the said Cramer's interest in the contract first above described; and further alleging that by certain transactions and assignments appellant R. E. Brooks became and is the owner of the said $1,130 note executed and delivered by the said Cramer to the said Chas. B. Moling Company and assignment given to secure same. Whereupon the said intervener prayed that he be permitted to prosecute the suit against J. M. Frost et al. for his own use and benefit, and for the use and benefit of the said W. H. Cramer, "to the end that he may be secured in the payment to him of the sum due him by said Cramer, the balance of the recovery by him herein, if any, to be applied by the court as it deems just and equitable; and he prays for such other and further relief as to which he may show himself entitled, general and special, at law or in equity, and so will he ever pray."

Appellee, in reply to said petition of intervention, filed general demurrer, special exception, general denial, and plea of failure of consideration for the said $1,130 note.

In addition to a general demurrer and general denial, defendants' answer contains

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

a special denial of plaintiff's allegations to the effect that the plaintiff and those under whom he holds have forfeited each obligation agreed by them to be performed in said earnest money contract, and stating that as a matter of fact Kempland and all those claiming under him have failed and refused and neglected to carry out the terms of the earnest money contract, and especially that Kempland had never tendered any money or notes which he was required to tender under the terms of the earnest money contract, and that said Kempland refused to carry out the terms of the said contract and forfeited same and relinquished any rights that he ever had thereunder. Defendants further alleged that the earnest money contract between the said Chas. R. Brown, independent executor, and A. B. Kempland, is not an assignable contract under the laws of this state, and that neither Cramer nor the intervener Brooks acquired or could have acquired any interest therein or rights thereunder. The defendants further alleged in their answer that Kempland received the abstracts of title in due time under the earnest money contract and accepted the title as entirely satisfactory; that the title was and is good; that, if it were not good, it has nevertheless been accepted and approved by the said Kempland; further, that the said Cramer has no interest in said contract and cannot be heard to complain as to the condition of the title. The defendants further pleaded the defense of limitation to plaintiff's suit. In answer to the suit of intervener Brooks, defendants filed a general demurrer and general denial and adopted and reasserted against the intervener all of the pleas contained in their answer to plaintiff's petition.

The suit was tried before a jury on April 10, 11, 12, and 13, 1916. At the conclusion of the evidence, the court charged the jury peremptorily as follows:

"You are instructed to return your verdict in this case in favor of plaintiff and against defendants J. M. Frost & Sons for the sum of $1,800, with 6 per cent. per annum thereon from September 28, 1911, to date, and in favor of plaintiff and defendants J. M. Frost & Sons against the intervener R. E. Brooks; that intervener take nothing by this suit."

The jury returned a verdict as instructed, and judgment was rendered in accordance therewith. From this judgment defendants J. M. Frost & Sons and intervener Brooks have appealed.

[1] The first assignment of error presented by appellants Frost & Sons is as follows:

"The court erred in permitting the plaintiff to recover herein and in entering a judgment in favor of plaintiff for this reason: The original earnest money contract provides that the party of the first part (the J. M. Brown estate et al.) shall deliver to the party of the second part (A. B. Kempland) within ten days from August 4, 1911, an abstract of title to the property and the plaintiff admits in his pleadings that this provision was fully complied with. The contract further provides: 'Should any defect appear in the title to the property herein sold, the party of the second part shall, within ten days from delivery to him of the abstract of title, give notice to the party of the first part in writing, specifying the defect or defects considered to exist in said title, and all defects not so specified shall be treated and considered as waived.' The proof is that the party of the second part failed within ten days to give notice to the party of the first part in writing specifying the defect or defects considered to exist in said title, and therefore all defects, if any, were expressly waived; there being no defects in the title, the said Kempland and not the J. M. Brown estate or these defendants, breached the earnest money contract, from which it follows that the plaintiff, as assignee of Kempland, had no rights under the contract and was not entitled to recover judgment herein. This is especially true since the plaintiff has not pleaded or proved any waiver of this provision in the contract by the Brown estate or by these defendants and has not pleaded or proved any estoppel upon the part of the Brown estate or these defendants to insist upon this provision in the contract."

The contract for the sale of the land between Brown and Kempland was for the sale of a tract of "1,200 acres or more" out of tracts described. The undisputed evidence shows that, in the 1,200 acres contracted to be sold by Brown, R. E. Brooks owned an undivided interest of not less than 275 acres, and that he refused to make a deed to Brown or convey his interest to Kempland upon the terms stipulated in the contract between Brown and Kempland, and that Kempland refused to buy any of the land unless he could buy it all. After several conferences and every reasonable effort on the part of Brown to acquire the Brooks title, he made a tender of the deed to Kempland of the portion of the land to which he had a good title. The following letter, which was sent to defendants Frost & Sons at the time he sent the deed to the bank to be tendered to Kempland, shows his understanding of the contract and is an admission that he could not convey title to the land he had contracted to sell:

"I have this day drawn draft on A. B. Kempland through Adoue & Lobit, Bankers, for the cash balance due of $4,980.00, accompanied by notes to be signed, and the deed to our undivided interest in the 'Bellows' land being 830 acres the deed acknowledged receipt of $1,800.00 in hand paid, which is the earnest receipt you hold in escrow, & the balance cash due of $4,-980.00 & 2 notes for $2,838, each due in 1 & 2 years respectively, we are in this deed conveying all our title in this land. We have adopted this method, drawing through the bank, at the advice of our attorneys as a means of having an undisputed record that we have made an official tender of the deed. A. B. Kempland will either have to accept the deed, pay the money & execute the notes or else retire from the transaction as we will have done all that the law requires. If he complies with the conditions of the deed, then you and I as Ind. Exr. will settle in accordance with our contract. If he does not then the sale falls thru & all bets are off. This being in full accordance with our conversation had in your attorney's office on Monday. I would suggest that you see Mr. Kempland the first thing in the morning and have him get busy so as to be able to close the deal before the close of banking hours."

The undisputed evidence further shows that a full and complete abstract showing the

condition of the title to the property as it appeared of record at the date of the abstract was not furnished Kempland's attorney until after September 22, 1911, that being the date of the abstractor's certificate to a supplemental abstract of 22 pages, and that Kempland's objections in writing to the latter were made on September 27, 1911. The following agreement of the parties introduced in evidence shows when the abstract was certified and delivered to Kempland's attorney:

"It is agreed that the abstracts marked 'A' and 'B' were the abstracts furnished by the vendor to the vendee in connection with this contract; that abstracts down to the certificate dated August 9, 1911, were furnished to the vendee on August 11, 1911; and that the additional supplement, certified September 22, 1911, containing the 22 pages, was furnished between September 22 and 25, 1911."

The provisions of the contract of sale material to the questions presented on this appeal are as follows:

"Said sale and purchase is made upon and subject to the following terms and conditions, viz.: The party of the first part agrees to deliver to the party of the second part within 10 days from the date hereof an abstract of title to said property and upon demand at any time within 30 days thereafter to execute or cause to be executed and delivered to the party of the second part upon payment of the balance of cash consideration, and the execution of notes for deferred payment as above specified, a deed conveying a good title to said property, clear of all incumbrance except as above provided. Should any defect be found in the title herein sold the party of the second part shall, within 10 days from the delivery to him of the abstract of title, give notice to the party of the first part in writing, specifying the defect or defects considered to exist in said title and all defects not so specified shall be considered and treated as waived. The party of the first part shall have 30 days after receipt of such notice in which to remedy said defects and remove the objections to said title so specified. Now, if the party of the first part shall fail in the performance of his obligations as above stipulated within the respective time specified, or, in case of any substantial defect being found in the title proposed to be conveyed, shall fail to remedy such defect within the time above specified, then and in either of said events, the party of the second part may, at his option, either treat this agreement as canceled and on demand be entitled to a return of the cash payment already made, or proceed to enforce a conveyance of said property in accordance with this contract; if the party of the first part shall comply with his undertakings as herein set forth, and if the party of the second part shall fail to complete his purchase by paying the balance of cash payment, and executing notes for deferred payments, as above specified, within 30 days after delivery to him of the abstract of title, or, in the case of valid objection to the title, within 30 days after said objection or objections shall have been removed, or ascertained to be unfounded and notice to that effect given said party of the second part, then and in that event this contract and all rights of the party of the second part hereunder shall be at an end and the said cash payments hereby acknowledged shall be forfeited one-half to the party of the first part and one-half to J. M. Frost & Sons."

It does not appear from the evidence nor from any pleading in the case that Brown or the Brown estate is now or has ever asserted any claim to the $1,800 deposited by Kempland with defendants, and our conclu-sion upon the undisputed evidence before set out is that Kempland was entitled to have the deposit returned. Tharp v. Lee, 25 Tex. Civ. App. 439, 62 S. W. 93; Raywood Co. v. Sharp, 175 S. W. 499; Greer v. International Stock Yards, 43 Tex. Civ. App. 370, 96 S. W. 79; Sparkman v. Davenport, 160 S. W. 410.

[2, 3] But, as shown by the assignment above set out, the contention of appellants Frost & Sons is that, regardless of the rights of the parties as shown by the undisputed evidence, plaintiff Cramer was not entitled to recover because he stated in his petition that:

"The plaintiff and those under whom he holds, within the time allowed in the contract aforesaid, received the abstracts to said property, had same examined, and delivered an opinion to the defendants, setting out the various defects in the title of the said property, and at all times stood ready and willing to tender and deliver the total consideration named in said contract upon a compliance by the defendants with the obligations by the terms of said contract resting upon them, and further a tender was made to the defendants and their representatives in an effort to get them to carry out their part of the contract which they have failed and refused to do."

The argument is that as plaintiff admits that Kempland received the abstract within the time allowed by the contract, which was within ten days after its date, and the undisputed evidence shows that no notice in writing of objections to the title shown by the abstract was given within the next ten days, all defects in the title were waived, and Kempland could not thereafter refuse to accept the deed tendered him by Brown.

This contention and argument are unsound. In the first place, it is not a fair construction of the petition as a whole to say that the language quoted is an admission that within ten days after the contract of sale was executed Brown furnished Kempland with an abstract of title to the property. The date upon which the abstract was delivered was in no way material to plaintiff's case, but the time within which the objections were made after the abstract was furnished might have been material, and the fair construction of the pleadings is that all that was intended to be alleged was that Kempland had "within the time allowed by the contract" made his objections in writing to the title. It seems to us that it would be an unjust and unwarrantable application of the rule that a party is bound by admissions in his pleadings to hold in the face of the undisputed evidence in this case, admitted without objection by defendants, that Kempland was bound to accept the title shown by the abstract or forfeit his $1,800 deposit. Altgelt v. Elmendorf, 86 S. W. 41; Thompson-Houston Electric Co. v. Berg, 10 Tex. Civ. App. 200, 30 S. W. 454.

[4-6] To prove his right to recover as the assignee of Kempland, plaintiff introduced in evidence, over the objection of defendants, the following certified copy of an instru-

ment on record in the office of the county clerk of Harris county:

"No. 108,331.
"J. A. Beeler et al. to W. H. Cramer.
"Assignment of Contract of Sale.

"The State of Texas, County of Harris.

"Know all men by these presents, that we, J. A. Beeler and A. B. Kempland, of Harris county, Texas, for a valuable consideration to us in hand paid by W. H. Cramer, of Harris county, Texas, hereby sell, assign, transfer, and deliver unto the said W. H. Cramer, all our right and interest in and to that certain contract of sale executed to A. B. Kempland by Chas. R. Brown, independent executor of the estate of Mrs. R. A. Brown, deceased, dated August 4, 1911, recorded in Vol. 276, pages 89 and 90, Harris County Deed Records, which is referred to for better description, and we hereby assign unto the said Cramer all interest therein with full power of enforcement.

"Witness our hands this 10th day of October, 1912.            [Signed]  A. B. Kempland.
                                              "J. A. Beeler.

"The State of Texas, County of Harris.

"Before me, the undersigned notary public in and for Harris county, Texas, on this day personally appeared J. A. Beeler and A. B. Kempland, known to me to be the persons whose names are subscribed to the foregoing instrument of writing, and acknowledged to me that they executed the same for the purposes and considerations therein expressed.

"Given under my hand and seal of office at Houston, Texas, this 10th day of October, 1912.
                                      "[Signed]  F. W. Witt,
"[Seal.]    Notary Public, Harris County, Texas.

"Filed for record Oct. 11, 1912, at 1:10 o'clock p. m.  Recorded Oct. 14, 1912, at 12:15 o'clock p. m.            [Signed]  Geo. Jones,
"Clerk County Court Harris County, Texas,
                              "By D. L. Weed, Deputy."

The defendants J. W. Frost & Sons and the individuals composing said partnership objected to the introduction of this certified copy in evidence, the objection being that the instrument was not such a one as could, under the law, be filed for record and proved by the introduction of a certified copy thereof, and further that the plaintiff had not proved any diligence in endeavoring to secure and introduce the original instrument, and that the copy offered in evidence was secondary evidence; further, that the instrument was irrelevant and immaterial to any issue in the case; and, further, because the earnest money contract itself is of such a personal character that no interest therein could be assigned by the said Kempland, which objections were urged by these defendants at the time the purported copy of the instrument was offered in evidence.

In connection with this instrument, the testimony of J. A. Beeler, one of the grantors in the instrument, was introduced by plaintiff:

"I don't know where the original of the assignments of the original contract of August 4, 1911, between the Brown estate, represented by the Frosts, and A. B. Kempland, which assignment is signed by me and A. B. Kempland and acknowledged and recorded, is. I have made efforts to discover the original. I have looked all through my desk and everywhere I thought it might be, and I did not find it. I made efforts to secure it from A. B. Kempland. I wrote several letters to Kempland, but I could never find his address. I don't know the present whereabouts of Mr. Kempland. I tried to secure the paper from W. H. Cramer. I asked Cramer when he was down here two or three weeks ago. I think I wrote to Cramer once before.

"I recall a transaction between Mr. Kempland and Mr. Frost, or J. M. Frost & Sons, about August, 1911, with reference to the Brown land. At that time Mr. Kempland and I were partners in the real estate business. I was interested in said contract in that I had put up part of the earnest money. Kempland and I were partners in all transactions. I took the acknowledgment to this instrument and I was interested in the deal."

We think the instrument was admissible. It may be true, as contended by defendants, that the contract for the conveyance of the land was a personal contract of such character as to be unassignable in the sense or to the extent that assignee of Kempland could not have enforced specific performance against Brown, and yet as between Kempland and his assignee it was a valid contract conveying Kempland's interest in the lands he might acquire from Brown under the contract. It seems clear to us that it is an instrument "concerning lands," within the purview of article 6823, Revised Statutes, and being properly acknowledged was entitled to be recorded. We think the evidence of Beeler was sufficient to show that the original instrument was lost, and was also sufficient proof of the execution of the original if it was not such an instrument as was entitled to be recorded. Shifflet v. Morelle, 68 Tex. 382, 4 S. W. 843.

What we have said disposes of the material questions presented by the appeal of defendants Frost & Sons. We have considered all of the assignments presented in the brief of said appellants, and none of them can be sustained. It follows that the judgment in favor of plaintiff against said defendants should be affirmed, and it has been so ordered.

[7] The first contention of appellant Brooks under his assignment complaining of the charge of the court instructing a verdict against him in favor of plaintiff and defendants is that the evidence was sufficient to show that said appellant through transfers and assignment under plaintiff Cramer had acquired a lien upon the $1,800 in controversy to secure the payment of a note for $1,130 executed by Cramer and now held and owned by Brooks.

The only interest Cramer had in the contract of sale at the time he executed the note and transferred his interest in the contract in trust to secure the payment of the note was that evidenced by a contract between Kempland and C. B. Moling, by which Kempland agreed to sell to Moling at a profit of $2 per acre whatever land he might acquire from Brown under the contract of sale before mentioned. Cramer became the assignee of this contract between Kempland and Moling and assigned his rights thereunder to secure the payment of the note.

At the time this assignment was made, Cramer had not obtained from Kempland the assignment of Kempland's right to recover the $1,800 in controversy.

Upon this state of facts, the trial court correctly held that Brooks had no interest in nor claim upon the $1,800 in the hands of defendants. We think, however, that the petition of intervener Brooks shows a cause of action in his favor against Cramer on the note. No special exception was urged to the sufficiency of the petition in this respect and no plea of misjoinder of causes of action. On the contrary, Cramer joined issue with intervener on the question of his liability on the note and pleaded want of consideration. No evidence was offered on this plea, and upon the evidence adduced on the trial Brooks was entitled to a judgment against Cramer for the amount due upon the note.

The judgment against Brooks on his suit upon the note is therefore reversed, and judgment here rendered in his favor.

Affirmed in part, and in part reversed and rendered.