**SUPERIOR SIGNS, INC., Appellant,**

v.

**AMERICAN SIGN SERVICES, INC.,**
**Appellee.**

**No. 18269.**

Court of Civil Appeals of Texas,
Dallas.

March 14, 1974.

Rehearing Denied April 11, 1974.

Meto Miteff, Miteff & Webb, Fort Worth, for appellant.

Douglas E. Yeager, Berman, Fichtner & Mitchell, Dallas, for appellee.

BATEMAN, Justice.

Appellee American Sign Services, Inc., sued appellant Superior Signs, Inc. for damages for breach of contract and recovered judgment on a jury verdict. Appellant, as lessor in three leases, had agreed to install and maintain three large advertising display signs, all of which were mounted on the same structure, in consideration of which appellee, as lessee, agreed to pay certain monthly rentals to appellant. Appellee then subleased the signs to its customers. The signs were mechanical; i. e., they were so made that at short intervals the pictures and messages thereon would change. The apparatus which effected these changes would fail from time to time, and when this occurred no clear picture or message would be visible. The leases provided for abatement of the rent during those periods of "down-time." Finally, before the leases expired, the signs were removed by appellant and this suit by appellee for damages ensued.

The exact amount of down-time does not clearly appear. An officer of appellant testified that the

> . . . entire manufacture of the unit was sloppy. The unit was not a good unit.

The jury found that appellant failed to keep the signs in working order and that this failure was a breach by appellant of the contracts, resulting in damages of $4,620. The jury also found that appellee failed to *timely* pay the rents due prior to October 15, 1971, but that no sum was due appellant under any of the leases at the time of trial.

In addition to its general denial, appellant alleged that appellee breached the contracts by failing to pay the rentals due thereunder. By counterclaim appellant asserted the right to recover accrued rents, future rents as liquidated damages, and attorney's fees.

By its first and sixth points of error appellant contends that an instructed verdict in its favor was in order since appellee was in default in payment of the rent when due; that performance or tender of performance by appellee is a prerequisite to an action for damages for the alleged breach by appellant.

The leases in question provide that, if the lessee shall default in the payment of rent, the lessor may remove the signs and demand immediate payment of the rent for the unexpired term of the lease as liquidated damages. Appellant takes the position that this clause establishes "mutual covenants" in the contract. The thrust of its argument seems to be that, since it had the right under the contract completely to remove the signs upon appellee's default in payment of rent, it could a fortiori fail to maintain them without liability for breach of its maintenance covenant. The cases it relies upon to support this argument are noted in the margin.[1]

Appellant would have us reverse the judgment on the theory that its promise to maintain the signs was a "mutual" or "dependent" covenant—dependent, that is, upon payment of each month's rent on or before its due date, or, in other words, that appellee's timely payment of the agreed

---

[1] Newsom v. Liberty Sign Co., 416 S.W.2d 442 (Tex.Civ.App.-Austin 1967, reversed 426 S.W.2d 210 (Tex.1968)); Federal Sign Company v. Fort Worth Motors, 314 S.W.2d 878 (Tex.Civ.App.-Fort Worth 1958, no writ); Investors' Utility Corporation v. Challacombe, 39 S.W.2d 175 (Tex.Civ.App.-Waco 1931, no writ).

rent was a condition precedent to its demand for performance by appellant of its covenant to maintain the signs in working order.

Pursued to its logical conclusion, appellant's position is that if appellee has been a day late in paying a month's rent, appellant would then have the right to renege on its promise to maintain the signs in reasonably good working order,' although it had accepted and retained such late rents for many months. Appellant did have the contractual right under the leases to treat the failure to pay the rent punctually when due as a breach and to remove the signs, in other words, to terminate the contracts; but that is not to say that it could regard the contracts as remaining in effect but not binding on it.

■ Conditions and limitations are not readily to be raised by mere inference and argument, and where it is doubtful whether words create an express condition, as distinguished from a mere promise, they will be interpreted as creating a promise, as the law does not favor forfeiture. Ross v. Harding, 64 Wash.2d 231, 391 P.2d 526 (1964); Grubb v. McAfee, 109 Tex. 527, 212 S.W. 464, 466 (1919); *see* Knight v. Chicago Corp., 144 Tex. 98, 188 S.W.2d 564, 566 (1945).

■ The failure to make payments at certain times does not constitute a breach of contract unless it is established by the contract or by surrounding circumstances that time is of the essence of the contract. McKnight v. Renfro, 371 S.W.2d 740, 745 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.); Chapman v. Levy & Levy, 193 S.W. 1101, 1102 (Tex.Civ.App.—Dallas 1917, no writ). Ordinarily, time is not of the essence of a contract, *Id.* at 1102, and failure to perform at the exact time called for is not a breach of the contract. Any intention to make time of the essence must be clearly manifested in the contract. Foster v. L. M. S. Development Co., 346 S.W.

2d 387, 394 (Tex.Civ.App.—Dallas 1961, writ ref'd n. r. e.); Kirchoff v. Voss, 67 Tex. 320, 3 S.W. 548, 549 (1887). As the manifested intent of the parties can make time to be of the essence, *McKnight,* 371 S.W.2d at 745, it is also true that the acceptance of late performance may indicate that it was not intended that time be of the essence. *See* Sanborn v. Murphy, 86 Tex. 437, 25 S.W. 610, 612 (1894). Here the contract itself does not provide that time is of the essence. Herber v. Sanders, 336 S.W.2d 783, 784 (Tex.Civ. App.—Amarillo 1960, no writ). Since the facts are undisputed that appellee never paid the rent in advance according to the contract, except perhaps for the first month, but that appellant nevertheless accepted late payments, we conclude, as a matter of law, that time was not intended to be of the essence and that failure to pay rent in advance was not a breach.

Moreover, this record indicates that one reason the rent was paid late was the fact that the exact amount of down-time could not be known in advance. And even assuming, *arguendo,* that appellee's failure to pay rent in advance was a breach, nevertheless appellant waived the breach by continuing to accept late payments after knowing of the alleged breach. Waiver is evidenced by appellant's letter to appellee granting additional time and stating that it did not intend ever again to allow the rental payments to get more than sixty days past due. *Foster,* 346 S.W.2d 395; Shields v. Dunlap, 174 S.W.2d 642, 645 (Tex.Civ. App.—Eastland 1943, no writ). Appellant's first and sixth points of error are overruled.

In its second point of error appellant contends that the trial court erred in failing to render judgment *non obstante veredicto* for certain rents as of October 1971, when appellant allegedly rescinded the contracts.

■ The contracts in question did provide that if "Lessee defaults in any

payment of monthly rental as herein provided . . .," the lessor might demand immediate payment of unaccrued rents as liquidated damages. Appellant apparently contends that it exercised its right to rescind and to demand the liquidated damages by letter dated October 15, 1971. As we read this letter, however, it demands that "this contract" be brought "up to date" by October 21, 1971. Appellant's attorney wrote appellee on October 27, 1971, and demanded that "the account" be "brought current on or before the 5th day of November 1971." We cannot agree that these letters constitute action by appellant under the lease provision calling for liquidated damages. Moreover, in view of the evidence of down-time, which would be a set-off against unpaid rent, coupled with the jury finding that no moneys were owing for rent, it is our conclusion that the facts do not give rise to a rightful claim to liquidated damages. Appellant's second point of error is overruled.

In its third, fourth, fifth and seventh points of error, appellant contends that various special issues were multifarious in that they called for one answer regarding three separate contracts. This record reveals that appellant itself referred to the three contracts as one integral unit, calling them "the account" and "this contract" on several occasions. Moreover, the record does not reveal that appellant ever brought its objection to the submission of these special issues to the attention of the trial court as required by Texas Rules Civil Procedure, rule 272. And finally, such error, if any, has not been shown to have been such as probably resulted in an improper verdict, or as being in excess of the discretion permitted the trial court under Tex.R.Civ.P. 277 as amended. Therefore, appellant's third, fourth, fifth and seventh points of error are overruled.

No error being shown, the judgment of the trial court is affirmed.

Affirmed.