F. A. RUBRECHT ET AL. v. W. H. POWERS.

No. 17.

1. **Practice—Continuance.**—The defendant, late in the evening, presented a first application for continuance in statutory form, and the court, instead of then acting on it, gave the plaintiff until next morning to procure the attendance of the witnesses named therein, which it seems he did. No injury being shown to have resulted from this course, it is to be commended rather than condemned.

2. **Same — Postponement — Diligence. —** An application for postponement on account of the absence of witnesses, to obtain whose attendance no diligence is shown, is addressed to the discretion of the court; and no abuse of this discretion is apparent where the applicant does not state what he expects to prove by the witnesses, nor show in a motion for new trial that he has suffered injury from their nonattendance.

3. **Practice—Order of Cases.**—The action of the court in calling a jury case for trial ahead of prior nonjury cases on the docket, *held*, to have been proper.

4. **Parol Evidence — Allegata and Probata. —** Where a written contract given in evidence upon its face purports to set forth the terms of settlement between the parties, it can not be contradicted, added to, or varied by parol evidence, without an allegation of fraud, accident, or mistake. In the absence of such allegation it is not error in the court to refuse to charge on parol evidence which would add to or vary the terms of the writing, although such parol evidence was admitted without objection.

APPEAL from Cooke.    Tried below before Hon. D. E. BARRETT.

*Mathis & Lewis*, for appellants.—1.  A continuance upon a first application meeting the requirements of the statute is a matter of right.  Chilson v. Reeves, 29 Texas, 275; Prewitt v. Everett, 10 Texas, 283; Goodson v. Johnson, 35 Texas, 625; Transportation Co. v. Hyatt, 54 Texas, 215; Hipp v. Bissell, 3 Texas, 18.

2.  The trial court is vested with discretion in trying cases out of their regular order, but its acts in the exercise of such discretion will be revised and corrected by the appellate court when they result in injury to the party complaining.  Railway v. Shuford, 72 Texas, 165; Allyn v. Willis, 65 Texas, 70; Kirkland v. Sullivan, 43 Texas, 233.

*Potter, Potter & Eddleman*, for appellee.—The agreement between Moses Powers and Rubrecht for the settlement of their matters was in writing, and contains no stipulation in regard to conveying the 153 acres of land. Belcher v. Mulhall, 57 Texas, 17.

HEAD, ASSOCIATE JUSTICE.—On May 19, 1888, appellant F. A. Rubrecht executed to Moses Powers his two notes for $393.50 each, the first one due November 15, after date, and the other due May 15, 1889, after

date, and stipulating that it "becomes due November 15, 1888, if note executed even date therewith is not paid at maturity." These notes were secured by a deed in trust given by said Rubrecht to R. Sarlls, trustee, upon the 160 acres of land in controversy. These notes not being paid when the first one matured, the land was sold under said deed of trust on the 22nd day of December, 1888, and appellee became the purchaser at this sale for the sum of $285, and on the 24th day of December, 1888, filed his petition in trespass to try title against said F. A. Rubrecht, claiming the land in controversy under his purchase at said sale. Appellant filed a plea of not guilty, and pleaded specially, that the land was his homestead at the time of the execution of said deed of trust and the sales thereunder; also, that prior to the execution of said two notes the said Moses Powers had sold the land in controversy, with another tract of 153 acres out of the W. A. J. Finch survey, under execution, and then had suits pending for the recovery of said land, and said notes were executed to compromise this litigation, under an agreement that said Powers would convey back to appellant said two tracts of land, which he had failed and refused to do, and had placed it out of his power to reconvey the Finch tract by conveying it to other parties. Upon the trial of the case a written instrument under which said compromise was made was introduced, as follows:

"It is agreed and understood by and between Moses Powers and F. A. Rubrecht that they settle the suits now pending between them upon the following basis: The said Powers is to allow said Rubrecht $1000 credit upon the notes or judgments held by said Powers for the land sold to said Rubrecht by Powers for which said notes were given, and that said Rubrecht is to pay all costs accrued in said cases for sales of lands, and all other costs of whatever kind connected with said cases, together with $200 attorney fees paid by said Powers in said cases. The said amount is to be summed up by said Powers, and the said Rubrecht is to execute a good and sufficient note for the balance due, payable in six and twelve months, at 10 per cent interest, secured on 160 acres of land twelve miles east of Gainesville, known as the Elizabeth Spencer survey. When this note is executed and delivered to said Powers, said suits are to be dismissed, provided entered into and signed up by the 18th of May, 1888. Said Rubrecht is to insure the house on the land in favor of said Powers.

"F. A. Rubrecht,

"Moses Powers,

"By R. Sarlls, Attorney."

Without objection, however, on the trial verbal evidence was introduced by appellant which tended to show the agreement for the reconveyance of said land to be as alleged by him, but there is no allegation in the pleading giving any reason why this part of the contract was left out of the written agreement.

Mrs. Caroline Rubrecht, wife of appellant F. A. Rubrecht, intervened, alleging substantially the same facts set forth in the answer of her husband. The appellee, in reply to appellant's answer, alleged abandonment of the land in controversy by appellant as his homestead; and further, "that Moses Powers purchased the 153 acres of land mentioned in said answer at execution sale, but the defendant claimed that plaintiff acquired no title by such purchase, and that the land belonged to George Baker and others, and the said defendant executed a deed to said Baker and others, vesting all his title in said parties."

The court below charged fully upon the question of homestead, and also, in effect, that if it was a part of the agreement that Moses Powers should reconvey to Rubrecht the 153 acres out of the Finch survey, and had failed to do this, and plaintiff had notice of this at the time of his purchase, he could not recover, unless the jury further believed that said Powers had no title to said 153 acres, and the said Rubrecht knew he had no title to the same; then the failure of said Powers to make said deed could not avail as a defense. The verdict was in favor of appellee upon all the issues, and judgment was rendered accordingly, from which appellants prosecute this appeal.

No question is made as to the sufficiency of the evidence to support the verdict upon the issue of homestead. No evidence was offered to show that appellant Rubrecht had conveyed the land to Baker as alleged by appellee, and the undisputed evidence showed that the 153 acres was purchased with the separate property of a former wife of Rubrecht, who had died leaving children.

When this case was called for trial appellant presented a written application for a continuance on account of the absence of two witnesses, which in form was in compliance with the statute; but the court, instead of then acting on this application, gave appellee until the next morning to procure the attendance of the witnesses named therein, and appellant in his first assignment complains of this action of the court. Appellant shows no injury resulting to him from the course adopted, and we are disposed to commend rather than condemn this practice.

Upon the appearance of the witnesses named in his first application for continuance, appellant made another application to postpone the trial on account of the absence of other alleged material witnesses, to obtain whose attendance he had used no diligence. He does not state in his application what he expects to prove by these witnesses, nor does he in a motion for a new trial show that he suffered any injury from their nonattendance. The application not showing diligence under the statute, was to a great extent addressed to the discretion of the court, and we see no abuse of this discretion. Chilson v. Reeves, 29 Texas, 275.

In his third assignment appellant complains of the action of the court in calling this case for trial ahead of some nonjury cases, which he con-

tends should have been first tried; but we think the action of the court was entirely proper.     Railway v. Shuford, 72 Texas, 165; Allyn v. Willis, 65 Texas, 70.

Appellants' remaining assignments relate to the action of the court in admitting in evidence the written agreement copied in the conclusions of fact set forth above, and in giving and refusing charges upon the issue raised by the parol evidence, admitted without objection, as to whether or not it was a part of the contract of settlement between Moses Powers and appellant that the former should reconvey to the latter the 153 acres out of the Finch survey.

We are of opinion that the court not only did not err in admitting this contract in evidence, but that after its admission, under the pleadings in this case, it became the only evidence of the terms of settlement between the parties, and any charges upon the issue raised by the parol evidence became unnecessary.     The contract upon its face purports to set forth the terms of settlement between the parties, and that this can not be contradicted, added to, or varied by parol evidence, without allegations and evidence of fraud, accident, or mistake, is well settled.     Lanius v. Shuber, 77 Texas, 27; Belcher v. Mulhall, 57 Texas, 17; Heirs of Watrous v. McKie, 54 Texas, 71; Wooters v. Railway, 54 Texas, 297; Milliken v. Callahan County, 69 Texas, 206; Self v. King, 28 Texas, 552.

This case can not be classed with that line of cases where the contract consists of distinct parts, and it is attempted to reduce a part only of such contract to writing.     In such cases it is well settled that parol evidence may be received to prove the parts of the contract not embraced in the writing.     Thomas v. Hammond, 47 Texas, 43; Railway v. Jones, 82 Texas, 161.     In this case the writing upon its face appears to embrace the whole terms of settlement between the parties, and there are no allegations in the pleadings of appellant attempting to give a reason why that part of the alleged verbal contract binding Powers to reconvey the 153 acres was not included therein; nor do we find any evidence in the record justifying the contention of appellant that after its execution a new verbal one was made in its stead.     Under these circumstances the writing must be held to embrace all the contract between the parties, and any errors the court may have committed in its charge upon the issues raised by the verbal evidence must be held to have been immaterial.

Upon the whole case, we are of opinion the judgment rendered by the court below should be in all things affirmed, and it is so ordered.

*Affirmed.*

Delivered November 1, 1892.