JOHN E. MORRISON CO. v. RILEY et al.
(No. 8731.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 10, 1917.)

1. EVIDENCE ☞460(12)—IDENTITY OF PROPERTY — PAROL TESTIMONY — ADDING PROPERTY.

Parol testimony is admissible to identify property in a chattel mortgage, but not to add property which clearly appeared from the face of the instrument not to have been covered thereby.

2. PLEADING ☞15—ISSUES—ALLEGATIONS OF OTHER DEFENDANTS.

In an action by a mortgagee against a mortgagor and a subsequent mortgagee, the subsequent mortgagee, not pleading fraud in execution of plaintiff's mortgage, cannot profit by such an allegation by the mortgagor.

3. EVIDENCE ☞441(5)—PAROL AGREEMENTS—VARYING TERMS OF MORTGAGE.

A parol agreement that a chattel mortgage should be subordinate to another to be later executed cannot be given effect, either by the mortgagor or the subsequent mortgagee, in contravention of a stipulation in the earlier mortgage that the property should be free from all other mortgages and incumbrances.

4. TRIAL ⊜⟶105—RECEPTION OF EVIDENCE—WRITTEN INSTRUMENTS—VARYING BY PAROL.

The rule that the terms of a written instrument cannot be varied by parol is a substantive law, and not merely a rule of evidence, and the legal effect cannot be avoided even though proof of parol agreements be admitted without objection.

5. EVIDENCE ⊜⟶448—WRITTEN INSTRUMENTS—PAROL EVIDENCE—PRIVIES.

The rule that a legally binding written unambiguous instrument cannot be varied, added to, or contradicted by proof of prior or contemporaneous agreements, not only applies to the parties, but to their privies.

Appeal from Throckmorton County Court; A. H. King, Judge.

Suit by the John E. Morrison Company, a corporation, against J. J. Riley and others. Judgment for plaintiff in part, and it appeals. Reversed and remanded.

B. F. Reynolds, of Throckmorton, for appellant. T. J. Wright, of Throckmorton, for appellees.

DUNKLIN, J. The John E. Morrison Company, a private corporation, institu ted this suit against J. J. Riley to recover a personal judgment against him upon two promissory notes for the principal sum of $166.04 each, with interest thereon, and also for a foreclosure of a chattel mortgage upon certain personal property, which mortgage was given to secure the payment of the notes. Lev Williams, R. E. Sherrell, Will Sherrell, composing the partnership firm of Sherrell Bros., P. J. Foster and R. Brittain, composing the partnership firm of Throckmorton Mill & Light Company, and the First National Bank of Throckmorton, were all made defendants, and a judgment for foreclosure of the mortgage was prayed for against those defendants, as well as against Riley. It was alleged that the bank was claiming some interest in the property covered by plaintiff's mortgage under and by virtue of another mortgage executed by Riley of later date than plaintiff's mortgage covering a part only of the property covered by plaintiff's mortgage. It was further alleged that defendants Williams, Foster, Brittain, and Sherrell Bros. had all purchased from defendant Riley, subsequently to the execution of plaintiff's mortgage, certain wheat, all of which was covered by that mortgage, and had converted the same to their own use without plaintiff's consent, and judgment was sought against them for foreclosure of plaintiff's lien on the property so converted, or for the value thereof, and for a foreclosure as against the bank. The trial was before a jury, and a personal judgment was rendered in plaintiff's favor against Riley for the debt claimed against him, but denying plaintiff a foreclosure of the mortgage lien alleged as against each and all of the defendants. From that judgment the plaintiff has appealed.

[1] The mortgage given by Riley to plaintiff was dated February 11, 1916, and was filed for record February 14, 1916. It covered certain live stock and also 30 acres of wheat then growing upon the Howsley farm. Prior to the execution of that mortgage, Riley had executed another mortgage in favor of the defendant bank, of date May 13, 1915, which had been filed for record on October 1, 1915, more than four months prior to the execution of the mortgage in plaintiff's favor, but that mortgage in favor of the bank did not cover the wheat crop embraced in plaintiff's mortgage, nor did it cover the mule embraced in plaintiff's mortgage, which was there described as being a one year old mule colt without a brand. On February 15, 1916, one day subsequent to the filing of plaintiff's mortgage for record, Riley executed another mortgage in favor of the bank upon all the property covered by plaintiff's mortgage, as well as that included in the bank's first mortgage, and which was intended as a renewal of the bank's first mortgage, the original debt then being unpaid, and that mortgage was duly filed for record on the same date of its execution. Notwithstanding the fact that it appears from the face of the instruments themselves that the bank's first mortgage did not cover the one year old mule and the 30 acres of wheat, which were embraced in plaintiff's mortgage, Riley was permitted to testify, over plaintiff's objection, that all the property described in plaintiff's mortgage was also covered by the bank's first mortgage, and in answer to special issues the jury found that such were the facts. In this ruling we think there was error. No doubt it was permissible for Riley to testify that the animals described in the two instruments were the same, if there was nothing in the two instruments to show that they were different animals, but the rule allowing him to testify that the 30 acres of wheat and the one year old mule colt described in the plaintiff's mortgage were also embraced in the bank's first mortgage would be to allow him to contradict by parol testimony the plain terms of the two instruments, and by parol testimony to add to the bank's first mortgage property, which clearly appeared from the face of that instrument not to have been covered thereby.

The bank and also Riley both pleaded specially that at the time plaintiff's mortgage was executed and in the negotiations immediately preceding such execution, it was understood and agreed by and between Riley and plaintiff's representative that that mortgage should be secondary and subordinate to the second mortgage which Riley then contemplated giving, and which he gave to the bank four days later. The latter mortgage, which was introduced in evidence, clearly shows that it covered the 30 acres of wheat embraced in plaintiff's mortgage and also the one year old mule mentioned above. In answer to special issues the jury sustained such special plea, and the evidence was ample

to support the finding that plaintiff's mortgage was executed by Riley partly in consideration of such parol agreement, and but for which he would not have executed the same.

[2] There was also a special plea by Riley that his execution of plaintiff's mortgage was induced by fraudulent misrepresentations made to him by plaintiff's agent that it contained the parol agreement which the jury found was in fact made, and that by reason of such fraud so practiced plaintiff's mortgage was invalid for any purpose. However, it does not appear that the bank pleaded such fraud. A special issue presenting that defense was also submitted to the jury, but no finding was made thereon. It thus appears that the court in rendering the judgment that was rendered considered a finding upon that issue immaterial, and that plaintiff should be denied a recovery by reason of its parol agreement that its lien should be subordinate to the bank's second mortgage lien. In 1 Jones on Mortgages, par. 608, the following is said:

"The parties may, as between themselves, make a valid agreement, though it be verbal only, that one of two mortgages shall be prior to the other, and the order of record is then immaterial, unless they are subsequently assigned to other persons who have no notice of the agreement, although, according to some authorities, the want of notice on the part of the assignee makes no difference, but the mortgage continues subject to the equity of this arrangement."

[3, 4] But it is clear to us that the parol agreement relied on in this case could not be given effect, since it is in plain contravention of a stipulation contained in plaintiff's mortgage that the property thereby pledged should be free from all other mortgages and incumbrances whatsoever. We have examined several of the authorities cited by the author to support the text quoted above, and in none of them which we have examined is there any indication that the rule announced would be applicable whenever to do so would be to override and set at naught the other well-established rule that, as between the parties thereto, a legally binding written instrument, which is unambiguous in its terms, cannot be varied, added to, or contradicted by proof of prior or contemporaneous agreements. The latter rule is a rule of substantive law, and not merely a rule of evidence, and the legal effect of the written instrument cannot be avoided, even though proof of such parol agreements be admitted without objection, since such parol proof is incompetent to accomplish that result. 4 Wigmore on Evidence, pars. 2400, 2425, 2446; 3 Jones on Evidence, §§ 434, 435; 10 R. C. L. pp. 1017, 1018; 1 Greenleaf on Evidence, § 275; 17 Cyc. 570; Henry v. Phillips, 105 Tex. 459, 151 S. W. 537; Rubrecht v. Powers, 1 Tex. Civ. App. 282, 21 S. W. 318.

[5] While it is stated in 10 R. C. L. p. 1020, that the parol evidence rule now under discussion is not binding upon strangers to the written instrument, and while that principle was followed by us in Stuart v. Meyer, 196 S. W. 615, yet, as stated in section 213, R. C. L. p. 1020, the rule is applicable, not only to parties to the instrument, but also to their privies. It cannot be doubted that as between Riley and plaintiff, the parol agreement found by the jury, in the absence of fraud, accident, or mistake inducing the execution of plaintiff's mortgage, could not be given effect, since to do so would be to set at naught the plain and unequivocal stipulation in that mortgage that the lien thereby given should be superior to all other liens. Under its second mortgage the bank cannot be put in any better position than Riley, since it is privy to him, and the second mortgage, therefore, could not be held to be superior to plaintiff's mortgage on the mule and the 30 acres of wheat covered by plaintiff's mortgage, but not embraced in the bank's first mortgage.

The evidence shows that Lev Williams received some of the wheat covered by plaintiff's mortgage as compensation for his services in cutting that crop and other crops, but it does not show how much he received for harvesting the wheat upon the particular 30 acres covered by plaintiff's mortgage. The evidence also shows that the wheat which Riley sold to the defendant Sherrell was turned over to the bank and credited on the note, but the amount of the credit was not shown. The evidence further shows that certain of the wheat was turned over to the Throckmorton Mill & Light Company in exchange for flour, but the market value of none of the wheat turned over to any of the defendants was shown. We deem it proper to note further that there is no evidence in the statement of facts to show that the debt to the bank, to secure which Riley executed the two mortgages in favor of the bank, is still unpaid. And even though the proof had shown the value of the wheat turned over to Williams in payment of services rendered by him in harvesting the 30 acres of wheat in controversy, there would still be the further questions to be determined: First, whether or not article 5644, of V. S. Texas Civil Statutes, gives a lien upon a crop for services rendered in harvesting a crop; and, second, even though it gives such a lien, whether or not it would be superior to plaintiff's mortgage lien, in view of the stipulation in plaintiff's mortgage to the effect that Riley would harvest the wheat crop and deliver it to plaintiff without expense to it, in addition to the stipulation already referred to that the lien given in that mortgage should be free from all other incumbrances of whatsoever nature, the plaintiff's mortgage apparently being of record at the time Williams performed that service. In view of what we have said already, it becomes unnecessary for us to discuss either of those questions, but we will say in passing that in an unpublished

opinion rendered by this court January 13, 1917, in cause No. 8494, entitled Gibson v. Wood,[1] we held that while in the concluding portion of article 5644 of the Statutes there is a proviso reading, "that a lien herein given to a farm hand shall be subordinate to the landlord's lien now provided by law," and while in other portions of that statute a "farm hand" is mentioned as one to whom a lien is given, yet in none of the provisions of that statute in which the services for which a lien is given is there any mention of services performed on a farm, and that in the absence of such a provision the statute did not give a lien for services rendered in threshing a crop of wheat.

For the reasons noted, the judgment is reversed, and the cause remanded for a new trial.

CONNER, C. J., not sitting. Serving on Writ of Error Committee at Austin.