## QUANAH, A. & P. RY. CO. v. WISEMAN et ux. (No. 2058.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 17, 1923.)

**1. Appeal and error ⬅742(1)—Assignments of error in brief need not be accompanied by propositions and statements.**

Under the amended rules effective September 1, 1921 (230 S. W. vii), it is no longer required in a brief in Court of Civil Appeals that each assignment be accompanied by its appropriate propositions and statements.

**2. Appeal and error ⬅1040(2)—Failure to rule on general demurrer harmless error, where petition stated a cause of action.**

Where petition in injunction suit was sufficient to support the judgment rendered, an assignment of error that the record does not show ruling on general demurrer to the petition need not be considered.

**3. Frauds, statute of ⬅148(1) — Petition to enjoin closing of railroad underground crossing not demurrable for failure to allege written reservation.**

Petition for injunction to prevent closing of railroad underground crossing which alleged reservation of crossing from right of way grant was not subject to exception under the statute; it not appearing from the petition that the reservation was verbal.

**4. Evidence ⊕461(5)—Parol evidence not admissible to prove reservation from right of way grant.**

Parol evidence is not admissible to prove reservation of underground passageway from railroad right of way grant, if the crossing conflicts with right of way.

**5. Trial ⊕105(5)—Parol evidence to vary deed received without objection cannot support judgment.**

Parol evidence, though admitted without objection to prove reservation of underground passageway from railroad right of way deed, is without probative force, and insufficient to support verdict or finding.

**6. Easements ⊕61(8)—To relieve party to deed from its terms, fraud must be pleaded.**

Where petition to enjoin the closing of an underground way claimed to have been orally reserved from railroad right of way deed did not allege fraudulent conduct, neither of plaintiffs, husband and wife, could contend that by reason of fraudulent promises to keep the way open the deed was not binding.

**7. Easements ⊕8(2, 3)—Use by cattle of passageway under track confers no right on owner by prescription.**

Grantors of railroad right of way through their lands cannot claim by prescription an underground way merely because for the limitation period their cattle used the way to pass under the track to and from water; there being no presumption that such use was adverse or hostile to the railroad, as required by Rev. St. art. 5681, to constitute adverse possession.

**8. Easements ⊕7(4)—Prescription analogous to "adverse possession."**

An easement by prescription to the use of a passageway under railroad right of way is analogous to "adverse possession," and under Rev. St. art. 5681, defining adverse possession as an actual and visible appropriation of land commenced and continued under claim of right inconsistent with and hostile to another's claim, must be supported by all the elements required by the 10-year limitation statute, which under article 5675 begins to run against the one having peaceable and adverse possession when his cause of action shall have accrued.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Adverse Possession.]

Appeal from District Court, Hardeman County; J. A. Nabers, Judge.

Action by W. A. Wiseman and wife against the Quanah, Acme & Pacific Railway Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Jno. P. Marrs, of Wichita Falls, for appellant.

Hankins & Magee, of Quanah, for appellees.

KLETT, J. Appellees, Wiseman and wife, as plaintiffs below, obtained a permanent injunction in the district court of Hardeman county, restraining the appellant railway company from erecting right of way fences across a bridged ravine, which plaintiffs claimed the right to keep open as an underground crossing, for the use of their dairy stock, in passing from one part of the farm to another. The plaintiffs alleged:

"That at the time they made a conveyance for and to said right of way, as part of said consideration, it was agreed that this right of passway under said track for his stock was reserved and granted," and "that said passage was left as agreed to in the construction of said railroad, and that plaintiffs have been using same at all times since said construction of railroad, the same being for a period of more than 12 years; and plaintiff's stock have been passing to and fro through said passage since said time."

The defendant's answer included a general demurrer; a special exception, urging the statute of frauds for failure of the plaintiff's petition to show the reservation of the passageway was in writing; a general denial; and a special answer to the effect that the plaintiffs had made the defendant a right of way deed for the consideration of $350 paid, and that no reservation of an open crossing under the track was ever made, and, if made, was not binding under the statute of frauds.

The case was submitted to a jury on special issues. The questions and answers read as follows:

"(1) Was part of the consideration for the execution of the deed to the right of way made by Wiseman and his wife to defendant railway company that the passageway in controversy should be left open? Answer: Yes.

"(2) Did plaintiff and his wife have peaceable and continuous use of said crossing for 10 years, using same during that time prior to the time defendant undertook to close it? Answer: Yes."

"(4) Did defendant or any of its agents or representatives represent to plaintiffs, or either of them, in order to get them to sign the right of way deed, that the crossing under its track at the bridge in question would not be closed? Answer: Yes."

The appellant having attacked the sufficiency of the evidence to support the findings of the jury and the judgment of the court, a brief statement of the facts is appropriate: Appellants are the owners of a 240-acre farm, upon which they are conducting a small dairy business; in 1909 plaintiffs lived in Hall county, Tex., and were asked to give a right of way across their land. At first they refused; they did not want the track over their land. Later the plaintiff Mr. Wiseman visited the office of Mr. Decker, attorney for defendant railroad, to attend to "this right of way business and sign up the deed." Mr. Wiseman had received a

request to come down. That was before the plaintiffs moved to the land, but after the road had been built and the opening left under the track. The plaintiff Mr. Wiseman testified:

"I hesitated to sign the deed at all, and Mr. Decker—I told him that I would not sign it unless I was sure of an opening under the trestle all the time, and he says, 'There is so much water comes down there you do not need to be uneasy about that ever being closed up,' and I taken it for granted that that was the agreement, and I signed the deed for almost nothing."

The right of way cuts off some 40 or 50 acres on the south. The ravine in question leads to Groesbeck creek, which crosses the 40 or 50 acres mentioned, but does not touch any other part of the farm. Groesbeck creek has the only permanent water there is on the place. If plaintiffs are denied use of the underground crossing then in order to provide water for their stock they will have to dig wells or drive their cattle through the gate crossing, which plaintiff Mr. Wiseman admits was left for him "at the extreme east end of the bridge; that is right opposite to where the water is." Plaintiffs' stock had been passing through the underground crossing in going to and from water in Groesbeck creek for more than 12 years, and the crossing has been open all the time except when plaintiff Wiseman put wire there to corral his stock.

The plaintiff Mrs. Wiseman substantiated the foregoing statement of the facts. D. E. Decker, as witness for defendant, denied making the agreement alleged.

The right of way deed recites that, for $350 paid, the plaintiffs "grant, bargain, sell and convey unto the said Quanah, Acme & Pacific Railway Company, an one hundred foot right of way," and concludes with the following tenendum clause:

"To have and to hold the said premises unto the said Quanah, Acme & Pacific Railway Company, its successors and assignors forever."

The plaintiff Mr. Wiseman says he did not examine the deed to see if it reserved the underground crossing, but he says:

"The understanding I had in regard to the deed was that there was to be an underground crossing so that the cattle could go to water, and I would not have signed the deed if I thought there was anything else. I would not have signed the deed if that had not been understood."

[1] Appellees object to a consideration of appellant's brief because each assignment is not "accompanied with its appropriate propositions and statements." This requirement is not contained in the amended rules, effective September 1, 1921, See 230 S. W. vii.

[2] The appellant's first assignment, urging that the petition is subject to general demurrer, is objected to by appellees, on the ground that the record does not show that the demurrer was acted on by the trial court. If the petition fails to state a cause of action, a judgment based thereon would be fundamental error. City of San Antonio v. Talerico, 98 Tex. 151, 81 S. W. 518; Mack Mfg. Co. v. Oeding (Tex. Civ. App.) 244 S. W. 156. But it appears that the plaintiffs alleged that the underground crossing was reserved. The pleading in that respect supports the judgment. Therefore the assignment and the objection to the assignment are not well taken.

[3] The appellant's proposition that the petition is subject to exception, under the statute of frauds, for failure to allege that the reservation was in writing, cannot be sustained; it not appearing from the petition that the reservation was verbal. King v. Murray (Tex. Civ. App.) 135 S. W. 255 (writ refused).

[4] The appellant's next complaint, as gathered from the various propositions submitted, is that the evidence is insufficient to support the claim that the passageway under the railway track was reserved to the plaintiffs by agreement when the right of way deed was made to the company. If the right of way which plaintiffs claim was reserved for their stock conflicts with the right of way plaintiffs granted to the railway company by deed, it is the opinion of the court that the reservation could not be proven by parol testimony, as the effect of such proof would contradict or restrict the clause of the deed conveying the right of way in violation of the parol evidence rule. Morris v. Hesse (Tex. Civ. App.) 210 S. W. 710 (affirmed in [Tex. Com. App.] 231 S. W. 317); Leeson v. City of Houston (Tex. Com. App.) 243 S. W. 485; Matheson v. C. B. Livestock Co. (Tex. Civ. App.) 176 S. W. 734; Humble Oil & Refining Co. v. Strauss, 243 S. W. 528. It is held that—

"The latter rule is a rule of substantive law, and not merely a rule of evidence, and the legal effect of the written instrument cannot be avoided, even though proof of such parol agreements be admitted without objection, since such parol proof is incompetent to accomplish that result. 4 Wigmore on Evidence, pars. 2400, 2425, 2446; 3 Jones on Evidence, §§ 434, 435; 10 R. C. L. pp. 1017, 1018; 1 Greenleaf on Evidence, § 275; 17 Cyc. 570; Henry v. Phillips, 105 Tex. 459, 151 S. W. 537; Rubrecht v. Powers, 1 Tex. Civ. App. 282, 21 S. W. 318." John E. Morrison Co. v. Riley, 198 S. W. 1031.

[5] It seems to be well settled that—

"Evidence in itself wholly incompetent, and therefore without probative force, gains no vitality because admitted without objection. It will not support a verdict by a jury or a finding by a court." Southern Surety Co. v. Nalle (Tex. Com. App.) 242 S. W. 201.

Appellees insist in their brief that plaintiff Mrs. Wiseman is not bound by the right of way deed over the homestead because of the alleged false representation that the underground crossing would be kept open. There is no pleading of fraudulent conduct, and in the absence of such pleading the plaintiffs are bound by their deed.

"Their rights are to be measured by the terms of the written contract, and cannot be enlarged or diminished by contemporaneous or prior stipulations, unless there be allegations and proof of fraud, accident, or mistake in merging the agreement into the written contract." Houston Transfer & Carriage Co. v. Williams (Tex. Com. App.) 221 S. W. 1081.

"If one attempts to cancel or render invalid a contract on the ground that it was obtained by fraud, accident, or mistake, he must plead and prove the facts by which he proposed to invalidate or avoid it." Eldora Oil Co. v. Thompson (Tex. Com. App.) 244 S. W. 505.

[6-8] This court also upholds the appellant's remaining proposition, claiming that the passageway under the bridge cannot be sustained as an easement by prescription. Inasmuch as the acquisition of an easement by prescription follows the analogy of the acquisition of a title by adverse possession, the prescription in this case must be supported by all the elements set forth in the 10-year statute of limitations. The statute of limitations invoked against a "person who has the right of action for the recovery of any lands, tenements or hereditaments" begins to run against him when "his cause of action shall have accrued," by virtue of Rev. St. art. 5675, "against another having peaceable and adverse possession." Under the definition given by the Texas statute:

"Adverse possession is an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another." Article 5681.

It is essential under the language of the statute that there be an invasion of or trespass upon the lands of another, giving the latter a cause of action against the intruder before the prescriptive period can begin. Klein v. Gehrung, 25 Tex. Supp. 232, 78 Am. Dec. 565; 9 R. C. L. par. 36, p. 776; 14 Cyc. 1150; 19 C. J. 887, par. 52. In Texas the general rule is that cattle may run at large and wander upon the uninclosed lands of others without being trespassers. Land Co. v. McClelland, 86 Tex. 179, 23 S. W. 576, 1100, 22 L. R. A. 105; Id., 89 Tex. 483, 34 S. W. 98, 35 S. W. 474, 31 L. R. A. 669, 59 Am. St. Rep. 70. There is no intimation that the plaintiffs ever passed under the bridge or took any steps demonstrative of physical entry, occupation, or appropriation. The evidence does not show that the cattle were driven through the subway, or that it was similarly used by other people's cattle. In the absence of any showing of possessio pedis,

other than passing of stock under the bridge, there is no proof of actual possession, unless the cows are to be regarded as the agents or tenants of the plaintiffs. It seems that the railway company should not be required to take notice of the ownership of the various cows passing under the bridge, or be charged with the duty of ascertaining whether said cows were acting for themselves or some one else. The statement of the law by Corpus Juris, in the chapter on Adverse Possession, to the effect that mere occupancy of land by grazing live stock upon it, without substantial inclosure or further permanent improvements, is not sufficient to support a plea of limitation, especially where the claimant used no means to restrain the live stock to any particular land, or where the live stock of others was not excluded, is supported by the decisions of the courts of the different states. 2 C. J. § 25, p. 67; Fuentes v. McDonald, 85 Tex. 132, 20 S. W. 43; Sellman v. Hardin, 58 Tex. 86, and many other Texas cases.

In C., B. & Q. Railway Co. v. Hammond, 210 Ill. 187, 71 N. E. 576, the Supreme Court of Illinois passed on the sufficiency of the evidence to support an easement by prescription, in a case very much like this, the decision even involving the consideration of a parol agreement to leave a passageway under a culvert at the time the right of way deed was made. The court said in part:

"The statute of frauds was pleaded, so that, so far as the * * * right of way by contract is concerned, appellee is estopped by his deed to rely upon the alleged contract, which was made prior to the making of the deed, and whatever right he has is a prescriptive right, depending wholly upon the adverse user. * * * In order that a prescriptive right for passageway for stock through a water course under a railroad bridge should be found by a court to exist, all the elements that go to establish such a right should be clearly and distinctly proven. When the road was constructed and the trestle left open along this ravine, in the manner shown, it cannot be successfully contended, under this evidence, that it was done with the view of leaving a passway for appellee's stock. It is true, a man of ordinary observation would know that if stock were kept along the right of way, in a field or pasture, it might pass through or under such bridge, but from that no implication of law would arise that it was left for the purpose of a passageway, and the evidence in this case clearly contradicts such a theory as that, and though appellant's agent may have known that stock was passing through and under this bridge, there was no presumption of law or of fact that it was doing so under or by virtue of a claim of right on the part of appellee that was hostile to the rights of property and absolute dominion on the part of appellant over its railroad and said bridge."

For the errors mentioned, the judgment of the trial court is reversed, and the cause remanded.