## TEXAS ILLINOIS CO. et al. v. GANT et al. (No. 2137.)

(Court of Civil Appeals of Texas. Amarillo. May 2, 1923. Rehearing Denied May 23, 1923.)

**1. Mines and minerals ⚖==57—Attorneys' opinion held not to show lessors' performance of obligation to exhibit merchantable title.**

Where a contract for an oil and gas lease required the lessors to furnish an abstract showing good and merchantable title, an opinion of the lessor's attorneys that the title was subject to a vendor's lien but that in their opinion the lessees could obtain a good leasehold title by a lease from the above owners, was not proof of performance of the obligation to furnish a good and merchantable title, since the incumbrance prevented the title from being merchantable.

**2. Mines and minerals ⚖==57—Suggestion of lessees' attorneys good title could be obtained does not show waiver.**

Where a contract for an oil and gas lease required the lessors to have good and merchantable title, a statement by the attorneys of the lessees that the lessees could obtain a valid lease, notwithstanding an incumbrance on the property does not show a waiver by lessees of the requirement of a good and merchantable title, since there was no proof the attorneys had authority to make such waiver, and they did not purport to do so.

**3. Customs and usages ⚖==18—Evidence of custom to accept oil and gas leases on land subject to incumbrance is inadmissible unless pleaded.**

In an action against an escrow holder to recover the amount deposited by oil lessees and returned by the holder to them because the lessors had not shown good and merchantable title as required by the escrow agreement, plaintiffs cannot prove a general custom in the oil-leasing business to accept leases of incumbered lands without having pleaded such custom.

**4. Customs and usages. ⚖==17—Cannot vary clear, written contract.**

Where the terms of the written contract are clear and unambiguous, they cannot be varied or contradicted by custom or usage.

**5. Customs and usages ⚖==17—Evidence ⚖== 441(1)—Prior agreement and custom inadmissible to vary written contract.**

Where the parties entered into an express, written contract, and there was no pleading or fraud, accident or mistake, parol testimony as to a prior agreement or as to a custom contrary to the terms of the contract is inadmissible to vary or contradict the contract.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Suit by J. T. S. Gant and others against the Texas Illinois Company and others. Judgment for plaintiffs, and defendants appeal. Reversed and judgment rendered for defendants.

Bonner, Bonner & Sanford and Bullington, Boone, Humphrey & Hoffman, all of Wichita Falls, for appellants.

Kay, Akin & Kenley and A. C. Scurlock, all of Wichita Falls, for appellees.

KLETT, J. Appellees, as plaintiffs below, obtained judgment against appellants and the City National Bank of Wichita Falls, to the amount of $1,666.68, as liquidated damages for alleged breach of the following written contract:

"Wichita Falls, Texas, July 17, 1920.

"City National Bank of Commerce, Wichita Falls, Texas.—Dear Sirs: Inclosed please find an oil and gas lease. The consideration for this lease is $5,000. This lease is delivered to you together with the sum of $1,666.66, and they are to be held by you in escrow on the following conditions:

"The lessors named in said lease agree to deliver to the lessees named in said lease an abstract of title, for examination only, showing good and merchantable title in the lessors. The lessees named in said lease agree to have said title examined by their attorneys, in ten days from date hereof, and if any objections are presented to said title, then lessors agree to cure said objections within ten days from the time said objections are presented to them in writing, and if the title to said lease cannot

---

be cured in the time above specified, then said lease is to be returned to the lessors and the money herewith inclosed returned to the lessee.

"If the title to said premises should prove to be good and merchantable, according to said abstract, and the lessees should fail and refuse to pay to you for the above lessors $1,666.66 within ten days from date hereof, then at the option of the lessors, the money deposited with this letter with you shall be forfeited to the lessors as liquidated damages, and in that event you will return said lease to the lessors. If the lessees shall make the second payment as above mentioned, within ten days from date hereof, and should fail to pay to you for us within twenty days from date hereof $1,666.66, then all money theretofore paid to you on this contract will be forfeited to the lessors as liquidated damages, and in that event you will return said lease to the lessors.

"If the title to said premises should prove to be good and merchantable title in the lessors, and should be approved by the attorneys of lessees as such, and they should make the full payments as above specified, then you are directed to deliver to the lesses the lease accompanying this letter, ¡and deposit said money to the credit of the lessors.

"If the title to said lease shall not be good and merchantable title according to the opinion of the attorneys of lessees, then you are directed to return the lease accompanying this letter to the lessors, and return the money deposited with this lease to the lessees, provided however, the lessors should fail to cure the defects in this title as above provided.

"Yours very truly,

"G. A. Works,

"By L. O. Landon.

"Texas Illinois Company,

"By L. O. Landon, Sec'y.

"J. T. S. Gant.

"W. D. Gant.

"R. F. J. Ward,

"By W. D. Gant."

According to the evidence introduced by the appellees the title was examined in due time by the firm of Carrigan, Montgomery, Britain & Morgan, lawyers of Wichita Falls, who passed on the abstract for appellant. In the first opinion, dated July 20, 1920, the lawyers found that the description was uncertain and the title subject to a vendor's lien of $4,000. In the second written opinion, dated July 30, 1920, they made their findings upon the title in the following language:

"Fee-Simple Title.

"According to this abstract good title to this land is shown vested as follows: W. D. Gant, three-eighths undivided interest; J. T. S. Gant, three-eighths undivided interest; and R. J. Wood, two-eighths interest, undivided. The title is subject to a vendor's lien for $4,000, shown in the deed from Matt Beer to these grantees, April 28, 1920, shown on page 47 of the last supplement.

"The deed from Earl Hicks et al. to Matt Beer, May 12, 1917, assumed an indebtedness of $2,751, which is recited to have been outstanding aginst this land at that time. We do not find where this indebtedness is shown to have been paid, unless it be the indebtedness shown in the deed from M. A. Kelley to James Kent, March 23, 1911, as shown on page 53.

"The original indebtedness was for five notes for $452.28 each, of which four notes were transferred to W. F. Seibold (page 62), and a deed of trust given to secure their payment, which deed of trust is shown to have been released on page 63. However we find no payment or release of the first of this series of notes.

"Leasehold Title.

"We find no oil and gas lease upon this particular tract of land. We have had prepared and executed an instrument which properly designates the 50-acre lease out of the northwest corner of this 172.6 acres, and in our opinion you can obtain good leasehold title to the tract in which you are interested by a lease from the above-named owners."

[1, 2] By the terms of the written contract the appellees obligated themselves to deliver to appellants an abstract showing "good and merchantable title in the lessors." Although the bank was directed to return the money to appellants if the title should not be good according to the opinion of their attorneys, nevertheless the appellees were not entitled to the forfeiture in any event, unless the title proved to be good and merchantable "according to the abstract." The abstract was not introduced in evidence. The opinion of appellants' lawyers, introduced in evidence by appellee, even if admissible, is not sufficient to show "good and merchantable title." It is clearly pointed out in the opinion under the head of "fee-simple title" that "the title is subject to a vendor's lien of $4,000." This incumbrance prevented the title from being good and merchantable. Alling v. Vander, Stucken (Tex. Civ. App.) 194 S. W. 443 (writ refused). The lawyer's suggestion, under the head of "leasehold title," that in their opinion the appellants could obtain from "Wood" and others a good "leasehold title," is not evidence of acceptance or waiver. The contract was executory. Before appellees could recover the forfeit money they were required to plead and prove their performance or excuse for nonperformance. Sweet v. Berry (Tex. Civ. App.) 236 S. W. 531 (11). The title was proven to be defective. It is not denied that the title was unmerchantable. That it was accepted cannot be established. The bank was expressly instructed in the written contract to return the forfeit money to appellants in the event the appellees failed to furnish good and merchantable title. There was no change in the agreement and no consideration for any change. If the lawyers had any authority to waive or vary the terms it was not shown. They were not given the power to alter or close the contract. Their connection with the title was restricted

to an examination of the abstract and a report of the defects. The record discloses that they confined themselves to the limits of their employment. They promptly examined the abstract and found the title to be unmerchantable, as shown by their written report. The evidence thus offered by the appellees does not show that they have furnished the title that they contracted to furnish or that the appellants have accepted or bound themselves to accept the title tendered. Hence we conclude that the opinion of appellant's lawyers was not sufficient to prove appellant's performance or excuse for nonperformance. Tharp v. Lee, 25 Tex. Civ. App. 439, 62 S. W. 93; Frost v. Cramer (Tex. Civ. App.) 199 S. W. 838; 17 C. J. 963, § 261.

[3, 4] Evidence was introduced by appellees to show that in the Wichita county oil fields, "it is quite a prevalent custom in this section to accept oil and gas leases when there is outstanding indebtedness against the fee-simple title." Appellants objected to this evidence on the ground that there was no pleading to authorize the admission of the evidence. We think this position is correct. Moore v. Kennedy, 81 Tex. 144, 16 S. W. 740; Johnson & Moran v. Buchanan, 54 Tex. Civ. App. 328, 116 S. W. 875. In fact, where the terms of the written contract are clear and unambiguous they cannot be varied or contradicted by custom or usage. Alexander v. Heidenheimer (Tex. Com. App.) 221 S. W. 943; 17 C. J. 508, § 77.

[5] There was also testimony introduced by appellees tending to show that the contracting parties had a verbal agreement before the written contract was drawn up, to the effect that the appellants would take the land with the $4,000 incumbrance against it. This testimony was objected to on the ground that it was an attempt to use parol testimony to vary the terms of a written contract. It is plain that the introduction of the testimony violated the parol evidence rule. Eldora Oil Co. v. Thompson (Tex. Com. App.) 244 S. W. 505.

The parties entered into an express written contract. There was no pleading of fraud, accident, or mistake. The proof of the local custom was an effort to vary the contract. The parol testimony of a contemporaneous agreement sought to contradict the writing. There was nothing in the record to make any such evidence admissible. Under the rule in this state it was wholly incompetent, and without probative force; therefore, it will be disregarded. Southern Surety Co. v. Nalle (Tex. Com. App.) 242 S. W. 197 (4); Webb v. Reynolds (Tex. Com. App.) 207 S. W. 914 (5); Railway Co. v. Wiseman (Tex. Civ. App.) 247 S. W. 695, and authorities therein cited.

It is our view that the law and facts of this case require us to reverse and render it. Judgment is accordingly ordered.