**RYDOLPH et ux. v. CLAY.**

No. 9191.

Court of Civil Appeals of Texas. San Antonio.

Dec. 6, 1933.

Rehearing Denied Jan. 17, 1934.

Linebaugh & Guittard, of Victoria, for appellants.

Daniel & Edwards, of Victoria, for appellee.

SMITH, Justice.

This is an action to recover "earnest money" deposited in escrow with a contract by

which Clay agreed to purchase from Rydolph an oil and gas lease upon land owned by the latter. Clay recovered, and Rydolph appealed.

It was provided in the escrow agreement that appellant would furnish appellee with an abstract showing "good and marketable title" in appellant; that within five days appellee should notify appellant of any defects of title disclosed in the abstract; and that appellant should cure all such defects, if any, within ten days after such notice.

It is conceded that appellee, through his attorney, and within the period prescribed in the agreement, examined the abstract furnished by appellant, and pointed out to appellant certain defects of title as disclosed in the abstract, including an outstanding vendor's lien, as well as an oil and gas lease, upon said land, but appellant failed within the prescribed ten-day period to cure, or offer to cure, said defects, or to tender release thereof, and appellee thereupon rejected the title.

We conclude, under the facts stated, that appellee was warranted in terminating the option and demanding a return of the earnest money deposited by him with that option, as embraced in the escrow agreement.

■ Appellant contends, in effect, primarily, that, because appellee did not affirmatively demand of appellant that he procure the release of the vendor's lien, at the time he pointed out that defect in the title, he thereby waived said objection to the title, and was required to proceed with performance of his obligation to accept and pay for the lease, and was therefore not entitled to a return of the earnest money.

■ We overrule appellant's contention. When appellee pointed out the defect, the burden thereupon shifted to appellant to procure a release of the vendor's lien and tender it to appellee within the prescribed period, and thereby remove that obviously good objection. Appellee had done all that was required of him under the agreement when he pointed out the defect within the prescribed period. He was under no further duty except to await performance by appellant within the required time, and was released from further performance when appellant defaulted in his duty. Texas Ill. Co. v. Gant (Tex. Civ. App.) 251 S. W. 575, and authorities there cited.

■ The title was not a "good and merchantable" one so long as it was incumbered with a valid lien. Texas Ill. Co. v. Gant, supra; Alling v. Vander Stucken (Tex. Civ. App.) 194 S. W. 443 (Writ Refused). And a tender of a release long after the expiration of the period allotted the vendor to perfect title, or after suit is filed by the purchaser to recover his earnest money, as is the case here, constitutes no defense to such action.

Appellant complains of the insufficiency of appellee's petition to support evidence of failure of title upon the specific grounds of outstanding lien and lease. It is true that the allegations in appellee's pleading, of defective title, were general as to the vendor's lien. But they were sufficient as against the general demurrer, and appellant did not specially except thereto upon the grounds now urged. Besides, the outstanding oil and gas lease was specifically pleaded and proved.

■ What has been said here concerning the effect of an outstanding vendor's lien applies with equal force to the showing of an outstanding oil and gas lease. The trial court found that such incumbrances existed; that they were timely pointed out to appellant and objected to as defects of title; that those defects were not cured within the stipulated period. The evidence supported these findings, which are binding upon this court.

There are other questions in the appeal, but they become immaterial in the face of the points already decided, which require affirmance.

The judgment is affirmed.