## GULF REFINING CO. v. SMITH et al.
### No. 12963.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 15, 1935.

Rehearing Denied March 15, 1935.

John E. Green, Jr., of Houston, Fred T. Arnold, of Graham, and P. O. Settle and David W. Stephens, both of Fort Worth, for appellant.

S. A. Penix, of Graham, and Roy Creighton, of Mineral Wells, for appellees.

LATTIMORE, Justice.

On June 1, 1930, appellant leased a portion of appellee Smith's building for a gasoline filling station. The lease was not recorded. Appellee Williams held vendor's lien notes on the property. On June 2, 1930, Smith delivered to Williams a deed purporting to convey this property to Williams in consideration that Williams release Smith from liability on the notes.

The lease was a printed form; it specified a term of one year and contained a paragraph which provided for an option to renew from year to year. As that paragraph for renewal existed in the printed form, the item of the renewal read: "For the full term of ——— years." The document at the time of the trial showed that in this blank was typed "one Y," which had been "xed" out and next to it the word "five" written by typewriter.

Appellant exercised its option to renew at the end of the first year. Smith, who had upon execution of the deed to Williams taken a lease to himself from Williams on the station, refused to recognize any option to renew, claiming that the lease executed by him had the original term "one Y" in the blank above described and that the change to "five" was made without his knowledge or consent.

Appellant filed suit against Smith to enjoin interference. Smith answered and inter alia pleaded the alteration and that the true lease was only for one year without renewal option, and that same was fully terminated.

Under the protection of the trial court's temporary injunction, appellant remained in possession of the station through that second year, but at the end thereof surrendered the possession and declined to elect to renew for the third year. Williams intervened in the suit and set up his title and prayed for damages against appellant Gulf Refining Company and for his rent from Smith. The jury found that the true lease was only for one year without extension option; that the alteration was made, was unlawful, and that the reasonable rental value of the station was $50. per month. On this verdict the trial court gave Williams judgment for $600 against the Gulf Refining Company, being rental value for the second year only.

Williams, an intervener, occupied the position of a plaintiff against the Gulf Refining Company. At the time Williams filed his amended plea in intervention, September, 1932, the Gulf Refining Company had surrendered on June 30, 1932, its possession of and claims to the filling station. There was no issue then in the case between it and Williams except the damages claimed by Williams. None of the elements of trespass to try title remained. The latter, therefore, had the burden of establishing his case both by pleading and proof. His pleading alleges that the possession of the station by the Gulf Refining Company during the second year was without any right. The appellant answered the intervention and pleaded its lease containing an option to renew for a full five years, and the exercise of that option for the second year.

■ The contention of appellant is that there is no pleading by Williams to sustain the judgment. We observe that the judgment is based upon the jury finding that the lease as executed by Smith contained no option for renewal. Smith specifically pleaded this defense when sued by the appellant, but none of that contention appears in the pleading filed by Williams. We believe that Williams could not avail himself of this pleading by Smith without in some way affirmatively adopting the same. Morrison Co. v. Riley (Tex. Civ. App.) 198 S. W. 1031.

Williams' own pleadings alleged his ownership and a trespass completed and the ensuing damages. He is not required to file an unverified denial of the appellant's answer, setting up the lease. . The statute does that for him. Article 2005, R. S. The lease was not claimed to have been executed by Williams or by his authority. The proof offered that the lease was a forgery is only a specific form of evidence that no such lease with renewal privileges existed. It is a denial. His prayer included a specific request that the renewal features of appellant's pleaded lease be canceled and declared ineffective.

■ In June, 1930, Williams held vendor's lien notes against the filling station property. In that month Smith deeded Williams the property, the recited consideration being the cancellation of the notes. There is evidence in the record that this deed was not bona fide as such, but was only to give additional security for the notes, and that Williams and Smith regarded the notes as still outstanding and unpaid. Appellant contended that the deed was in fact only a mortgage. If it is in fact a mortgage and the ownership and

right of possession of the property is still in Smith, then Williams is not entitled to judgment for damages. Appellant requested the submission of this issue to the jury and was refused. We think this was error.

Appellee urges that since the possession of appellant during the second year was wrongful and since both Smith and Williams, the only persons who could complain, were parties to this suit, and Smith has not appealed, the error is harmless, on the theory that appellant is duty bound to pay one of them and ought not to complain if the wrong one got the money, since the right one is bound by the decree. Smith owed appellant more than the $600, and his account was credited with the rent as it accrued by appellant in an amount not disclosed by the record. Appellee's contention might be more plausible if appellant is to be compelled to pay some one, but we are not inclined to hold that an error is harmless which will compel a litigant, who has paid a debt by credit, to employ counsel and go to the expense of litigating a claim, which burden would not be incumbent on him except for such a ruling as we are asked to make.

The judgment of the trial court is reversed, and the cause remanded.